### JAMES H. CARSON *v.* R. M. OATES, Adm'r., &c.

Upon the death of a non-resident, intestate, leaving assets in this State, they are to be applied to the payment of the claims of his resident creditors, if there be any such, in the order prescribed by our law, and not by that of his domicil.

Such assets are to be *collected* by an *administrator* appointed here, and not by the creditors.

The "Supplemental proceedings," under the C. C. P., Title XI, ch. 2, do not apply to such a case, but are intended to supply the place of the former proceedings *in Equity* where relief was given after a creditor had recovered a judgment *at law*, and was unable to obtain satisfaction under further *legal* process. Where one who is charged in Supplemental proceedings as holding property belonging to a judgment debtor, claims such property as his own, the question cannot be decided in the course of such *proceedings*, but must be settled by an *action*.

ORDER, made in the course of *supplemental proceedings*, (C. C. P. Tit. xi, c. 2,) by *Logan, J.*, at Chambers, MECKLENBURG Court, December 1869.

The facts were that the plaintiff, a resident of this State, had recovered judgment, still pending, against the defendant as administrator of one Brawley Oates, who died a resident of Florida, in 1864; that one Spratt, resident in Mecklenburg county, had possession of a certificate, issued to the deceased, for 36 shares in the Charlotte & S. C. R. R. Company, and this was the only assets which could be found applicable the debt; but Spratt refused to make such application or to surrender it to the defendant.

The plaintiff thereupon applied for the benefit of Supplemental proceedings, and asked judgment that Spratt be required to deliver up the certificate, so that it might be sold, &c., and meantime for an injunction.

A citation was then ordered by the Judge to be served upon Spratt, calling on him to show cause, &c.

The cause alleged by Spratt was that the deceased was a resident of Florida at his death, and that his personal property, including this certificate, which had been at such residence, was brought into North Carolina after his death, in order to save it from the Federal troops, &c. ; that, about 1867, it was returned to the administrator who had been regularly appointed in Florida ; was by him sold at public sale in Micanopy, in that State, when said Spratt purchased it ; that he had paid for it, and since held it as his own.

Upon this affidavit being filed, His Honor, at Fall Term 1869, ordered that Spratt should surrender the certificate to the defendant, as administrator of Brawley Oates.  This was done.  A few days afterwards, upon further application by Spratt, the Judge, at Chambers, ordered the certificate to be brought into Court, and the former order to be suspended until, &c.

From this order the plaintiff appealed.

*H. C. Jones* for the appellant.
*Wilson, contra.*

DICK, J.  " If a citizen of another country dies indebted to citizens of this country, and owns personal property here, we appropriate it to the payment of his creditors in the order required by our law, and not that of his domicil." *Moye* v. *May*, 8 Ire. Eq., 131.  In order to make this appropriation, an administrator must be appointed in this State, and it is his duty to collect the assets, and dispose of them in the payment of debts in the order required by our law. A creditor of the intestate cannot collect the assets, and ap-.

ply them in satisfaction of his debt to the prejudice of other creditors, but he must look to the administrator for payment. These principles are so well settled that they need neither argument nor the citation of authorities to sustain them.

In our case, if the shares of R. R. Stock, which are the subject matter of controversy, are effects in this State belonging to the estate of Brawley Oates deceased, then the administrator, R. M. Oates, must collect them by civil action, and apply the proceeds to the payment of debts in this State, and hand over the surplus, to be distributed according to the law of the domicil.

The present proceedings cannot be sustained, as the provisions of the Code of Civil Procedure—Title xi, chap. 2, upon which they are founded—do not apply to this case. Those provisions were intended to supply the place of proceeding in Equity, where relief was given after a creditor had ascertained his debt by a judgment at law, and was unable to obtain satisfaction by process of law. The creditors of an intestate had no such remedy, for if an administrator failed to perform his duty in collecting assets and paying debts, the remedy of creditors, was an action on his administration bond. Such is still the remedy of the creditors of an intestate.

If they could by these "Supplemental Proceedings" force a debtor of an intestate to satisfy their executions, they could render nugatory the laws regulating the administration of the estates of deceased persons. Such an interference with the rights and duties of administrators, was certainly not contemplated by the provisions above referred to. There is another objection to the present proceedings. They are supplemental to, and a continuation of the remedy sought in the original action, and an order for the delivery of property belonging to the judgment debtor held by a third person, must be made for the direct benefit *of the plaintiff.* In this case the order of delivery was made for the benefit *of the defendant,* and, of course, cannot be sustaine1.

As Spratt sets up a distinct and specific claim to the property in controversy, his title cannot be enquired into in these proceedings, but a separate action against him must be brought by the administrator, in which the rights of the claimants can be determined.

There is error in the ruling of the Court below, and the proceedings must be dismissed.

PER CURIAM.                                    Error.