A. A. McKEITHAN & SONS *vs.* JOHN WALKER & W. J. BROWN.

1.   Where a debtor executes a deed in trust to a trustee to secure certain debts therein mentioned, and after the registration of the deed, a creditor obtains judgment and has the same duly docketed ; the judgment under the provisions of C. C. P., Sec. 254–503, is a lien upon the equitable estate of the debtor.

2.   The lien thus acquired cannot be enforced by a sale under execution. In order to sell an equitable estate not liable to sale under execution, the plaintiff in the execution must resort to his action (as formerly, to bill in equity,) to ascertain the rights of all parties interested, and to enforce his lien.

3.   The purpose of the Code of C. P., Sections 264–266, was to give a remedy by "Proceedings Supplemental to Execution," to a plaintiff only in case, the defendant had no known property liable to execution, or to whet is in the nature of execution, proceedings to enforce a sale to satisfy the debt.

4.   Supplemental proceedings may be commenced before the sale of the property levied on, on affidavit, or other proof of its insufficient value. But no final order can be made, appropriating to the creditor any property discovered, until the property previously levied on, has been exhausted.

*Harrison* v. *Battle*, 1 Dev. Eq., 541.
*Sprinkle* v. *Martin*, at this Term, cited and approved.

Motion under Sec. 266, C. C. P., heard before Russell, Judge, at Fall Term 1871, at Robeson Superior Court.

The plaintiffs made oath that one John Walker was indebted to them in the sum of four hundred dollars, based upon two magistrates' judgments, docketed in the Superiour Court of Robeson County, on the 25th of June, 1870 ; executions on said judgments are "returned unsatisfied," and they believe that one W. J. Brown has in his possession property of the defendant, or is indebted to him in an amount exceeding ten dollars.

The said W. J. Brown, in obedience to an order directed to him, accepted service thereof, appeared before His Honor, and

made oath that he holds a deed of trust executed to him by John Walker, March 1st, 1870, to secure certain debts therein mentioned, and if the said debts are not paid off on or before the the 1st of Jan., 1871, then affiant is authorized to sell said lands, apply the proceeds to the payment of said debts, and if any surplus, to be paid to John Walker. Said lands supposed to be worth about seven hundred dollars; that said lands were conveyed by Walker and wife to Roderick McCaskill and J. C. McCaskill, on the 23d November, 1870; it having been previously assigned to John Walker as a homestead, dated November 23, 1870. He further declared that he had never sold said land.

The plaintiffs asked for a decree against W. J. Brown, trustee of John Walker, requiring him to sell the land held in trust by him, and after paying the debts and costs provided for in said deed of trust, then to pay the surplus to the plaintiffs on their executions, which motion was refused, and judgment rendered against the plaintiffs for the costs, from which the plaintiffs appealed.

*W. McL. McKay,* for plaintiffs.
*Thos. McNeill* for defendants.

RODMAN, J. The plaintiff, by docketing his judgment, acquired a lien on all the real property of the defendant Walker, in the county of Robeson, at the time of the docketing—C. C. P., sec. 254–503. The judgments were docketed 25th June, 1870; the deed in trust from Walker to Brown was made 1st March, 1870. At the time of the docketing, therefore, the defendant Walker had a resulting trust in the land conveyed after payment of the debts secured. The first question to be considered then, is; was this equitable estate subjected to the lien of the docketed judgments. The law before C. C. P. is clear. As to all estates in lands which might be sold under execution at law, a lien was created by the issuing of an execution which related back to its teste. But as to such

equitable estates as were not liable to sale under execution at law, but the sale of which to satisfy a judgment, might be enforced by bill in equity, no lien was created by the issuing or levy of an execution, but only by the filing of a bill. The estate of Walker belonged to this last class.—*Sprinkle* v. *Martin*, this term.

The reason why no lien was created in such a case, by the issuing of an execution is thus stated by *Henderson, J.*, in *Harrison* v. *Battle*, 1 Dev. Eq. 541. "As therefore it (the resulting trust) could not be levied on or sold by the common law to satisfy the execution, no lien arose from its issuing, or what the Sheriff calls its levy. For as the lien arises, or is created as a mean to the end, it would be vain for the law to raise it, when the end could not be attained." Whatever was the weight of this reasoning, the rule became settled, and created an unnecessary and inconvenient difference between legal and certain equitable estates on the one side, and certain other equitable estates on the other side.

We think this difference was abolished, as far as in reason and the nature of things it could be by *Sec.* 254, *C. C. P.*, above cited. This section says that the docketed judgment shall be a lien on all the real property of the defendant; it makes no exception of equitable estates, and certainly, such estates are property.

It must be noted, however, that this section does not make liable *to sale under execution* any equitable estates which were not so by the construction of the *Act of* 1812, (Revised Code, ch. 45, sec. 4, 5,) before the C. C. P.

In order to sell an equitable estate, not liable to sale under execution at law by that Act, that is to say, one which is neither a pure and simple trust, nor an equity of redemption, the plaintiff in the execution must still resort to his action, as formerly to his bill in equity to ascertain the rights of the parties and enforce his lien. The only effect of the Code is to give him the benefit of a lien by the docketing of his judgment,

instead of by the filing of his bill, or the issuing of his summons in an action to enforce it. Thus the law is made more uniform, and the unnecessary and useless distinction between legal and equitable estates is abolished.

And that is probably as far as the law can safely go in that direction. It must be observed too, that this lien may be waived, or lost, as all others may, by a delay of the creditor to enforce it, until circumstances occur to made its enforcement a fraud upon others. But that point does not arise here, and nothing need be said upon it.

It will be seen that no allusion is made to the fact stated in the affidavit of Brown, the garnishee, relative to the transactions with McCaskill, or to the homestead of Walker. No adjustment of the equities of the parties in the land, can be made in this proceeding. That can be done only in an action brought to sell the resulting trust, when all persons claiming interests will be brought before the Court, and entire justice can be done. Neither the Clerk, nor the Judge, otherwise than in the regular course of such action, has jurisdiction to order the sale of such an equitable estate.

Having thus stated the position of the plaintiff in respect to the real property of the defendant Walker, the next question is; did the plaintiff entitle himself to the relief given by *sections* 264, *et seq. of C. C. P.*, under the title of " Proceedings supplemental to execution."

We think that the purpose of the Code was to give those remedies to a plaintiff, only in case, the defendant had no known property liable to execution, or to what is in the nature of execution, viz: Proceedings to enforce its sale, for the satisfaction of the debt, sufficient in value, to satisfy the debt.

In this case, execution issued, which was levied on the estate of Walker. The levy, is, perhaps only material, as showing the knowledge of the plaintiff that Walker had property liable to his debt. Probably, the docketing of the judgment has on real property all the effect of a levy. If there be a

A. A. McKEITHAN & SONS *v.* JOHN WALKER AND W. J. BROWN.

lien on property, it must be shown either by a sale of the property, or by affidavit, that the property is insufficient in value, to satisfy the debt.

We see no reason why the proceedings given by sec. 266; may not be *commenced* before the sale of the property levied on, on an affidavit, or other proof of its insufficient value, just as a subsequent levy may be made, after a previous insufficient one; but clearly no final order can be made, appropriating to the creditor any property discovered under this section, until the property previously levied on, is exhausted, for until that is done, it cannot be known whether anything is still owing. Until the property levied on can be brought to sale by a proper proceeding, the property discovered by the garnishee, may be levied on, as a security for the deficiency.

In the present case, the plaintiff had neither caused the real property of the defendant Walker to be sold, nor did he make any proof that it was of less value than his debt.

Under such circumstances it could not appear that any thing was due to him, and he did not entitle himself to supplemental proceedings.

JUDGMENT AFFIRMED.