MOSES RANKIN *v.* JAMES B. MINOR, Adm'r. of DANIEL J DONNELL.

In proceedings supplementary to execution, if the judgment debtor dies before the appointment of a Receiver, or before the order of such appointment is filed in the office of the Clerk of the Superior Court, the property and effects of such judgment debtor do not vest in the Receiver, nor has the judgment creditor any lien thereon as against the administrator of the judgment debtor.

(*Tate* v. *Morehead,* 65 N. C. Rep. 681; *Carson* v. *Oates,* 64 N. C. Rep. 115, cited and approved.)

MOTION, in proceedings supplementary to execution, to subject assets in the hands of an administrator to the debt of the plaintiff, heard before *Kerr, J.,* at the Fall Term, 1874, of GUILFORD Superior Court.

The plaintiff, a judgment creditor of Donnell, the intestate of defendant, instituted proceeding supplementary to execution, against the said intestate, on the 10th day of February, 1871; and on the same day obtained an order for his, the intestate's examination. On the 16th day of February, one J. W. Payne, according to the order of the Court, took the examination; and the fact was disclosed, that Donnell, the intestate and judgment debtor, had recently become entitled to an interest in the estate of one J. M. Donnell, deceased, who was a minor. No further action was taken, until the 14th day of August, 1872, upon which day a notice issued to the defendant, as the administrator of Donnell, the judgment creditor, who had in the meantime, 2d August, 1871, died, to appear and show cause why he should not be made a party to the plaintiff's judgment and the supplementary proceedings.

At Fall Term, 1872, the defendant appeared, and the Court adjudged that he be made a party according to the notice; and further, that the plaintiff was entitled to have execution against him, as administrator, for his debts and costs, &c. At this

same term, the Court appointed the said J. W. Payne, Receiver, of all the property, money and choses in action of the said Daniel J. Donnell, the intestate, at the same time ordering him to give bond in the sum of $1000, with surety, for the faithful discharge of the duties, and file the same with the Clerk ; and that upon filing such bond, the said Receiver should be invested with the property, &c., of the intestate. It was further ordered, that, upon five days notice, the said J. B. Minor, the defendant, as administrator of the judgment debtor, should appear and show cause, why he should not deliver to the said Receiver, all the property belonging to his intestate. Minor qualified as an administrator, 4th day of August, 1871.

The Receiver filed no bond.

The defendant, Minor, by his counsel, appeared and showed for causes,

1. That the plaintiff had abandoned his supplementary proceedings ;

2. That an administrator cannot be made a party to proceedings supplementary, began against his intestate ;

3. That the Court had no authority to appoint a Receiver as was attempted to be done in this case ;

4. That the title to his intestate's personal estate rested in his personal representatives at his death, and his estate must be administered as directed by 45th chapter Battle's Revisal ;

5. That the so called Receiver cannot call for the property until he has filed his bond, as required by the order of the Court.

His Honor held that cause shown was insufficient, and that J. B. Minor account and deliver to J. W. Payne, Receiver, all the estate of Daniel J. Donnell, which had come to his hands.

From this judgment, defendant appealed.

*J. T. Morehead, Jr.*, for appellant.
*Scott*, contra.

Rodman, J.   Neither the order of the Court requiring Daniel J. Donnell to appear and submit to an examination as to any property he might have, not subject to levy and sale under a *fieri facias*, nor his actual examination, and the disclosure by him, that he had an interest as distributee or otherwise in the estate of James M. Donnell, deceased, gave the plaintiff a lien upon that interest.   It is provided by sec. 270 C. C. P. that such a lien shall be created by the appointment of a receiver, and by his filing a copy of the order with the Clerk of the Superior Court of the county where the judgment roll is filed.   This was not done before the death of the judgment debtor, by which the action was abated so far at least, that no lien could thereafter be acquired before the death of the judgment debtor, it seems that then the property would go into the hands of the Receiver for the satisfaction of the plaintiff's debt, and the surplus if any would be payable to the administrator of the debtor.   The reason why if the debtor dies before the property has become vested in a Receiver as a trustee for the plaintiff's debt, no proceedings can be subsequently taken by which the plaintiff can obtain a lien or priority over other creditors, is, that the act of Assembly fixes unchangeably the distribution of the assets among the several classes of creditors at the death of the intestate.   No diligence can change it.   This principal governed us in the cases of *Tate* v. *Morehead*, 65 N. C. Rep. 681, and *Carson* v. *Oates*, 64 N. C. Rep. 115.

We think his Honor erred in requiring the defendant as administrator of Daniel Donnell to pay over his estate to the Receiver.

Per Curiam.   Judgment reversed, and judgment that the defendant go without day.