ELIZABETH H. RAND v. N. G. RAND and others.

*Practice—Supplemental Proceedings.*

1. A judgment creditor whose execution has been returned unsatisfied can not maintain an *action* against an administrator to subject a distributive share of the judgment debtor in the estate to the satisfaction of the debt; he must proceed by *supplemental proceedings.*

2. Proceedings supplemental to execution under C. C. P. are a substitute for the former creditors' bill and are governed by the principles established under the former practice in administering this species of relief in behalf of judgment creditors.

(The practice in regard to Supplemental Proceedings discussed and explained by Mr. Justice BYNUM.)

(*Carson* v. *Oates,* 64 N. C. 115; *McKeithan* v. *Walker,* 66 N. C. 95; *Hutchison* v. *Symons,* 67 N. C. 156; *Rankin* v. *Minor,* 72 N. C. 424, *Tate* v. *Powe,* 64 N. C 644, cited, distinguished and approved.)

CIVIL ACTION tried at Spring Term, 1877, of WAKE Superior Court, before *Buxton, J.*

The facts are embodied in the opinion of this Court deliv-

RAND *v.* RAND.

ered by Mr. Justice BYNUM. There was judgment in the Court below for the plaintiff and the defendants appealed.

*Messrs. D. G. Fowle* and *G. H. Snow,* for plaintiff.
*Messrs. W. H. Pace* and *Merrimon, Fuller & Ashe* for defendants.

BYNUM, J. The plaintiff, Elizabeth H. Rand, in 1869, obtained judgment against the defendant, N. G. Rand, for the sum of $1,935.81 in the Superior Court of Wake county, and caused an execution to be issued thereupon which was afterwards duly returned unsatisfied.

In 1876, one Parker Rand died intestate in the county of Wake, possessed of a personal estate and the said N. G. Rand and D. G. Rand became his administrators. This action was begun by original summons against the defendant N. G. Rand individually and N. G. & D. G. Rand as administrators of Parker Rand.

The complaint alleges that N. G. Rand, the defendant in the execution is entitled to a distributive share in the estate of Parker Rand, as next of kin, and prays that it may be ascertained by account taken, and so much thereof as may be necessary for that purpose be applied in satisfaction of the plaintiff's judgment, and in the meantime asks for a restraining order.

The defendants demurred to the complaint on the ground of want of jurisdiction in the Court. The demurrer was overruled and the defendants then put in an answer, in which the defendant N. G. Rand admits that he has an unascertained interest as alleged in the said estate, but he denies that the plaintiff can maintain this action to recover it.

So the question is whether a judgment creditor whose execution has been returned unsatisfied can maintain an action against an administrator to subject the distributive

share of the judgment debtor in the estate to the satisfaction of the debt.

It is not denied that prior to the Code the judgment creditor could resort to a Court of Equity only for the purpose of reaching the distributive share ; and the question now is, where is that equity jurisdiction vested since the distinction between the forms of action has been abolished. All actions are now divided into civil actions and special proceedings, and the relief now sought must be by one or the other of these actions. It cannot be by special proceeding because in *Tate* v *Powe*, 64 N. C. 644, the line of demarcation between the two forms of action is laid down, and it is held that any proceeding, that under the old mode was commenced by *capias ad respondendum*, including ejectment, or by *a bill in equity for relief*, is a civil action, and not a special proceeding. Whether this is the best line of distinction that can be devised, it is not material to inquire, for certainly a bill in equity is not a special proceeding, but a civil action. It follows that the proceeding in our case being in the nature of a bill in equity must be a civil action. Both parties agree to this with the difference that the judgment creditor insists that she can proceed by a new action, while the defendants contend that she must proceed by supplemental proceedings under C. C. P. § 264.

. The two propositions are not unlike in the respect that they are both for the enforcement of the same right, but by different means, if indeed they are substantially different. It is unnecessary now to speak of the original action. If we clearly ascertain what is a " supplementary proceeding " as established by our Code, its scope, and end, we shall have done much to settle the present and similar questions of jurisdiction.

We think it clear that proceedings supplementary to execution under the Code of Procedure are a substitute for the former creditor's bill, and are governed by the principle

established under the former practice in administering this species of relief in behalf of judgment creditors. The object of the proceeding is to compel the application of property concealed by the debtor, or which from its nature cannot be levied upon under execution, to the payment of the creditor's judgment.

The Code produces but one form of action for the enforcement of private rights, and that action when instituted subsists until the judgment which may be rendered therein shall be satisfied.

Proceeding supplementary to execution are but a prolongation of the action necessary to the final discharge of the judgment, the purpose of the Code being that all matters affecting the complete satisfaction and determination of the action shall be settled in the same action, instead of by a multiplicity of suits.

The only purpose of the creditor's bill was to enforce satisfaction of a judgment out of the property of the judgment debtor when an execution could not reach it, and the only purpose of supplemental proceedings is to attain the same end by the same means. The bill in equity has been abolished and nothing is substituted in its place, but the proceedings supplemental to the execution and in aid of it. The office of the former is now performed by the latter, and it would be inadequate, and parties would be in many cases without remedy, unless it could be applied in the same cases, and to the same extent, by taking hold on all the property and rights of the debtor out of the reach of an execution at law, and applying them in discharge of the debt.

Apart from the reason of the thing, we think this is the proper construction of the provisions of the Code. By § 264 C. C. P. when an execution against the property of the judgment debtor is returned unsatisfied, or where the execution has been issued, and affidavit made that any judg-

ment debtor has property which he unjustly refuses to apply to the satisfaction of the judgment, such Court may require the judgment debtor to appear and answer concerning his property.    By § 266 upon the affidavit of the judgment creditor that any person has property of the judgment debtor, or is indebted to him in any way exceeding ten dollars, the Court may require such person to appear and answer concerning the same.    By § 269 the Court may order any property of the judgment debtor not exempt from execution in the hands either of himself or any other person, or due to the judgment debtor, to be applied to the satisfaction of the judgment.    And finally by § 270 a receiver may be appointed who shall be invested with all the property and effects of the debtor, and who may collect, preserve, and pay out the property and estate of the debtor, or their proceeds under the direction of the Court.    The comprehensive and far reaching nature of supplemental proceedings in our new system of jurisdiction, is distinctively shown in the duties and powers of the receiver, by and through whom the Court in these proceedings when neccessary works out the beneficial results of the system.

When the order appointing the receiver is recorded in the office of the Court appointing, and a copy recorded on the execution docket of the County wherein any lands of the judgment debtor sought to be affected are situate, he is from that time vested with all the property and effects real or personal of the debtor.    C. C. P. § 270.    The receiver under the order of the Court and by virtue of powers conferred upon him, may take possession of the debtor's notes in an insolvent firm of which he was a member; he may maintain an action to set aside a fraudulent conveyance of the debtor's real estate; and may test the validity of any disposition which the debtor may have made of his property; in this respect standing like an administrator, and like him can assail the illegal and fraudulent acts of the debtor,

He may redeem mortgages of personal property by paying off the debt, and will be vested with any beneficial interest in real estate devised to the debtor, unless in trust for his use. So he may take possession of real estate mortgaged by the debtor, where he is in possession and receiving the profits, and he may file a bill and sell the same free of liens, pay off the liens and apply the surplus to the payment of the judgment creditor. Heigh on Receivers, 308 to 432 ; 6 Blatchf. C. C. 235 ; 16 Wall. 196 ; 40 N. Y. 383; 23 Wis. 491.

The purpose of the Code thus evidently is to make the remedy by supplemental proceeding a substitute for the bill in equity in all cases, and to the same extent, when the bill could formerly be resorted to merely to enforce an execution at law, or as a proceeding in the nature of an equitable *fi. fa.* Unless this be so it will be difficult to draw a line dividing those cases where supplemental proceedings will lie, from those where an original action must be brought, each being brought for the same purpose, to-wit, to obtain satisfaction of a judgment when an execution at law has failed.

The first case in our Court where the judgment creditor resorted to supplemental proceedings was in *Carson* v. *Oates,* 64 N. C. 115. There, the creditor attempted to subject certain certificates of railroad stock, which as he alleged belonged to the intestate debtor, but which were held by a third party claiming them as his own. The Court held that neither supplemental proceedings nor an action would lie, for the plain reason that if that railroad stock was part of the estate of the intestate, it was the duty of the administrator to reduce it into possession and apply it in the due course of administration. But, said the Court; "Supplemental proceedings were intended to supply the place of proceedings in equity, where relief was given after a creditor had ascertained his debt by a judgment at law, and was unable to obtain satisfaction by process of law." There is

2

no intimation in the opinion that supplemental proceedings were not the proper remedy.had the intestate been alive.

The next case was *McKeithan* v. *Walker*, 66 N. C. 95, and is the one mainly relied on by the plaintiff. There, the plaintiff had a docketed judgment against Walker, upon which an execution had been issued and returned unsatisfied. Upon supplemental proceedings it appeared that the defendant had executed to one Brown a deed of trust on his land to secure certain debts with power of sale, &c. It appeared that the land had not been sold and exceeded the debts in value. Upon this the plaintiff asked for a decree against the trustee requiring him to sell, pay the trust debts, and the residue in discharge of the plaintiff's judgment. The Court held that the case was one where supplemental proceedings did not lie within the intent and meaning of the Code, because the docketed judgment constituted a lien upon the land, which was equivalent to a levy upon property; and that where property has been levied upon by an execution—in this case a resulting trust—a sale of that property must be made or its insufficiency to satisfy the judgment be otherwise established, before the plaintiff can resort to supplemental proceedings. In other words that case shows that there was land subject to execution by proper proceedings to enforce it, and that it not appearing that the debt could not be made out of the property bound by the execution, a resort to supplemental proceedings was not shown to be necessary, and the application for such proceedings had no ground to rest on. If the decision in *McKeithan* v. *Walker* is the proper construction of the Code in respect to cases where supplementary proceedings will not lie, and where the party will be put to his action, it follows that supplemental proceedings will lie in no case to subject the judgment debtor's equitable interest in land to sale for the satisfaction of the judgment debt, but that in all such cases the only remedy is by a new action to enforce a sale.

And by parity of reasoning proceedings supplemental to execution will be proper in all other cases, to-wit, where no lien has been created by docketed judgment or levy, and where no property can be reached by execution. This line of distinction divides proceedings to enforce the execution into two classes,—one to be proceeded in by original action, and the other by special proceedings. It also divides the original equity jurisdiction into two classes to be enforced in two separate actions, to-wit, proceedings to reach the judgment debtor's interest in mortgages, trusts, and other equities affecting real estate, to be reached by an action; and the like interest in mortgages, trusts, and other equities affecting personal property to be reached by special proceedings. Whether the delay, expense and infringement upon the *oneness* of action contemplated by the Code, which must result from this divided jurisdiction are counterbalanced by its benefits, it is needless now to inquire. The decision in *McKeithan* v. *Walker* was followed by and affirmed in *Hutchison* v. *Symons*, 67 N. C. 156, *arguendo*, for the same point did not there arise. A judgment had been obtained against the defendant in Mecklenburg and docketed there and in Davidson County. Supplemental proceedings were instituted in the latter County to reach property or debts of the judgment debtor in the hands of third persons. The case was dismissed, not because it did not lie in such case, but because the proceeding had been begun in the wrong County. It was there held by the Court that the return by the Sheriff, " this execution is unsatisfied," fell within the very words of C. C. P. § 264, and in legal effect, was a return of " no goods or chattels, lands or tenements to be found," and that it thus appearing that the debtor had no property which could be reached by ordinary proceedings, it was a proper case for supplementary proceedings.

The plaintiff, however, was pursuing personal property and the case therefore steers clear of *McKeithan* v. *Walker.*

The subsequent case of *Rankin* v. *Minor*, 72 N. C. 424, was also a supplemental proceeding, and we think it governs the present case. The plaintiff obtained judgment against one Daniel J. Donnell, and instituted supplemental proceedings to subject a distributive share of an intestate's estate to which he was entitled, to the payment of the judgment. No question was made in the opinion of the Court as to the form of the proceeding, or of the plaintiff's right of recovery. But before the due appointment of the receiver, by which alone a lien can be acquired upon the distributive share, the judgment debtor died. It was held by this Court that the proceeding should be,dismissed, because upon the death of the judgment debtor all his estate including the distributive share devolved upon his administrator to be disbursed in a due course of administration.

*Rankin* v. *Minor*, is the only decision in our State that a distributive share in the hands of the administrator may be thus subjected, but the same question has been similarly decided elsewhere. *Ross* v. *Clussman*, 3 Sandf. 676, was a case to reach, by supplemental proceedings, an interest of the defendant given to him by his grand-father, and which was in the hands of the trustees of the will. After the judgment had been obtained and execution had issued and been returned unsatisfied, it was assigned to Wallace, who instituted the proceedings to subject the trust fund. The objection was raised by the defendant that an *action* should have been instituted in the name of the assignee. But, said the Court; "The proceedings supplementary to the execution are all in the action in which the judgment was recovered. Their design is to obtain satisfaction of the judgment, and they are as much proceedings in the original suit as are the executions on which they are founded. There is nothing in the entire chapter (on supplementary proceedings) which countenances the idea that the remedy it provides is a new action or suit."

In our case it is charged in the complaint and not denied in the answer of the defendants, one of whom is the judgment debtor, that they have in possession as administrators a distributive share of the estate belonging to the debtor sufficient to satisfy the execution. A distributive share of an estate whether the exact amount is ascertained or unascertained, is property the subject of gift, sale, or bequest, and can be subjected to the payment of debts. Rev. Code, ch. 7, § 20.

Whenever in supplemental proceedings it is necessary to the relief sought that an account should be taken, the Court will order it; and when it may be necessary to the preservation of the property, or convenient, a receiver will be appointed, and the property will be taken out of the hands, even of an administrator. The Courts however will not in general interfere with the administration further than to secure the payment of the debt. The receiver is generally clothed with the rights of both the debtor and creditor, and may institute such proceedings, making all such parties as may be necessary, to reduce into possession so much of the property of the debtor as will be sufficient to discharge the judgment.

The conclusion is that in this case the plaintiff's remedy is by proceedings supplementary to the execution. We should therefore dismiss the action and remit the plaintiff to her proper remedy, but for some facts peculiar to the case which we think should make it an exception to this rule. The action was instituted in the same Court where judgment was obtained, and where the Code requires that supplemental proceedings should be commenced. The deviations from supplemental proceedings have been more in form than substance. And as it appears that the judgment debtor is insolvent, yet as an administrator has possession and control over the property in controversy, the Court is unwilling to dismiss the action and thus vacate the restraining order.

The case is therefore remanded to the end that it may be

amended as to form, and that such further proceedings may be had as shall be in conformity to law.

PER CURIAM.     Judgment vacated and cause remanded.