S. J. HINSDALE v. D. SINCLAIR.

*Proceedings Supplementary to Execution.*

To authorize the grant of an order of examination under proceedings supplementary to execution there should be made to appear by affidavit or otherwise ;

(1) The want of known property liable to execution, which is proved by the sheriff's return of " unsatisfied " ;

(2) The *non-existence* of any equitable estate in land within the lien of the judgment;

  (3) The *existence* of property, choses in action and things of value, unaffected by any lien and incapable of levy.

(*Brown* v. *Long*, 1 Ired. Eq., 190; *McKeithan* v. *Walker*, 66 N. C., 95; *Hutchison* v. *Symons*, 67 N. C., 156; *Weiller* v. *Lawrence*, 81 N. C., 65 cited and approved.)

PROCEEDING supplemental to execution heard at Spring Term, 1880, of ROBESON Superior Court, before *Eure, J.*

The plaintiff appealed from the judgment below.

*Messrs. Jas. C. McRae, McNeill & McNeill* and *Hinsdale & Devereux,* for plaintiff.

*Messrs. W. F. French* and *Rowland & McLean,* for defendant.

DILLARD, J. In this case an order of examination of defendant was procured from the clerk of Robeson county, on proceedings supplemental to execution on a judgment docketed in that county, and the order was grounded on an affidavit stating the issue of an *execution to the county of the debtor's residence and a return thereof* " *unsatisfied* " *by the sheriff,* and of the further fact, that the *debtor had property which ought to be subjected to the payment of the judgment.*

The defendant appeared on the day of the examination and moved to vacate the order upon objections to the affidavit, and there was an appeal to the judge; and from the judgment of the judge dismissing the proceedings the plaintiff appeals to this court, and so the question for our review and determination is, as to the sufficiency of the sheriff's return on the execution and the additional fact stated in the affidavit to warrant the proceeding.

By the law as it was under our system of courts prior to the constitution of 1868, a creditor with a legal demand had to establish his debt by a judgment in a law court, and one of his remedies for its enforcement was a *fi. fa.,* which

dealt with legal titles only in things corporeal, except legal rights of redemption, equities of redemption and other trust estates of the debtor authorized to be levied and sold under the act of 1812. And when the legal process was tried out and found ineffectual, then it was within the jurisdiction of the court of equity to aid the creditor by giving him relief, as to estates and rights of the debtor not capable of application by an execution, by a decree of the court operating in the nature of an execution. *Brown* v. *Long,* 1 Ired. Eq., 190. To initiate the equity jurisdiction, it was necessary as a general thing to have first issued a *fi. fa.* and had a return thereon of " unsatisfied " or *nulla bona* as indicating the insufficiency of the legal remedy, and then by bill filed to show forth that fact, and also to aver and point out the particulars of estates, interests and choses in action beyond the reach of an excution, for it could not otherwise appear but that the party's legal remedy was full and complete.

Under our present system, we have not courts of law and courts of equity as separate tribunals for the enforcement or administration of rights, but we have a union of the powers of each in our superior courts exercisable in but one form of action; and it has been repeatedly decided that while distinction in the forms has been abolished, the principles of law and equity still exist, and therefore it would naturally follow in our present organization that if the fruits of a judgment cannot be had by a *fi. fa.* with its limited reach, the superior courts could be invoked to help it out by its decrees in the nature of a *fi. fa.*, and such a jurisdiction by action we take it still exists, unless it has been taken away and made to be exclusively exercisable through proceedings supplementary to execution.

The code of civil procedure in section 264 in part at least, has undertaken to provide for the emergency both in the case of an execution *returned,* and of one *still in the hands of*

the sheriff, by declaring the creditor entitled in both cases to an order to examine the debtor concerning his property, giving the right, in the instance of a return of *unsatisfied*, in general terms, without prescribing how the application for the order is to be made, whether upon an affidavit or without; and if upon an affidavit, without saying what facts it shall contain, but prescribing in the case of an execution *unreturned*, proof to be made by affidavit or otherwise of property in the debtor, which he unjustly refuses to apply to the debt, as a prerequisite.

The statute being thus entirely silent in the case of an execution returned, and very indefinite in the case of an execution still in the hands of the sheriff, as to the state of facts on which an order of examination is to be granted, it was a matter for judicial construction to declare its meaning and to define on what facts and how established, such an order might be issued. Accordingly this court, with a purpose often avowed to construe the code as much in conformity as possible to our former system, early settled it, that supplementary proceedings was an extraordinary proceeding and not to be resorted to except upon *necessity*, and a state of facts showing that it will work out "something useful to the ends of justice, and that the aid of the court is not invoked for an idle purpose."

As exemplifying the instances in which that remedy is given, it was decided in *McKeithan* v. *Walker*, 66 N. C. 95, that the remedy lay only "in case the defendant had no known property liable to execution, or to what is in the nature of execution," by the latter clause of which expression is meant, with reference to the facts in that case, such equitable interests in land, as although affected with the lien of the judgment, were not liable to sale under execution under the act of 1812, but applicable by some proceeding for its sale in the nature of an execution, formerly by bill in equity and under our new system by action. And

it was further settled that when there was a lien on property, whether by the statutory effect of a docketed judgment, or by a levy of execution, it must be shown that a sale of such property has been had and the proceeds applied, and that the same is insufficient to satisfy the judgment before supplemental proceedings can be commenced.

It will be noted that by this decision the existence of *known property*, real or personal, which *could be sold by execution*, or *equitable interests in land not salable by execution*, but affected by the lien of the judgment, one or both, was a bar to supplemental proceedings, until a sale or the proof of the insufficiency of such property by affidavit; and hence it would seem necessarily to follow, that the affidavit required to initiate the proceeding should in terms negative the existence of both, or show such property to be of value sufficient to pay off the judgment. And as further settling, under what state of facts and how established a resort may be had to this remedy, this court in the case of *Hutchison* v. *Symons*, 67 N. C., 156, in commenting on the requisites of a proper affidavit in the case of an execution returned "*unsatisfied*," as was the execution in our case, held, that such *a return* showed the non-existence of property which could be sold by execution, and that to entitle the creditor to an order to examine his debtor, his affidavit should show the further fact, upon knowledge or information, that the debtor had property, choses in action, or things of value, which ought to be subjected to the payment of the judgment, which of course meant things not liable to seizure and sale under execution. The court in that case also fully assented to and approved the necessity of a sale of any property levied on by execution, or of equitable estates in land affected by the lien of the judgment not liable to execution under the act of 1812, as decided in *McKeithan* v. *Walker, supra*, unless on affidavit of insufficiency as aforesaid.

Putting these two cases together, we extract, that to

authorize the grant of an order of examination, these three facts must be made. to appear by affidavit or otherwise, to-wit : the want of *known property* liable to execution which is proved by the sheriff's return of *"unsatisfied,"* the *non-existence* of any equitable estates in land within the lien of the judgment, and the *existence* of property, choses in action and things of value unaffected by any lien and incapable of levy. The doctrine of these cases as to the requisites of a proper affidavit has not been recanted or modified, so far as we can find by any rulings of the court since that time, but reiterated in the recent case of *Weiller* v. *Lawrence*, 81 N. C. 65, and such an affidavit is now in use in the profession as material to indicate the necessity of the remedy in point of justice to the creditor, as an assurance to the court against the invocation of its aid to an idle end, and as a protection to the debtor against a discovery of his private affairs from the curiosity or other unworthy motive of the creditor.

To the requisites of an affidavit for an order of examination, as settled by the cases cited, we assent, as necessary in the case of an execution returned *"unsatisfied,"* and equally so in the case of an execution *still in the hands of the sheriff,* notwithstanding the indefinite expression of the statute as to the affidavit required in that case, with the addition of a negative of any property liable to execution or its sufficiency to pay the debt, inasmuch as in that case there will be wanting the evidence imported by the return of *"unsatisfied"* by the sheriff.

This construction of the statute on the subject of supplemental proceedings is adopted by way of as near conformity as possible to the *ca. sa.* under our former system, of which it is in part a substitute, to have which it was a prerequisite to exhaust all liens by levy, and, besides, show by affidavit the non-existence of property which could be reached by a *fi. fa.,* and the existence of property which could not be reached by a *fi. fa.*

Applying the principles as settled by the decisions of this court, to the case under consideration, the affidavit on which the order of examination was made, was defective in not negativing as a further fact the existence of equitable estates in land bound by the lien of the docketed judgment.

There is no error and the judgment of the court below is affirmed.

No error.                                                    Affirmed.