THOS. J. MAGRUDER et al. v. S. J. SHELTON and J. M. DAVIS.

*Affidavit—Execution—Supplementary Proceedings.*

1. It is not necessary that the affidavit, upon which proceedings supplementary to execution are based, should specify the property, owned by the debtor, which he refuses to apply to the satisfaction of the judgment.

35

2. The affidavit must show three facts : (1) the want of known property liable to execution ; (2) the non-existence of any equitable interest subject to the lien of the judgment, and (3) the existence of property unaffected by lien and incapable of seizure on execution.

(*Hinsdale* v *Sinclair*, 83 N. C., 338, cited).

This is an appeal from an order made by *Montgomery, Judge,* at Fall Term, 1887, of HAYWOOD Superior Court, requiring the defendants to answer concerning their property in a supplemental proceeding under §488 of *The Code,* based upon the following affidavit:

"W. L. Norwood, attorney for plaintiffs above named, being first duly sworn, deposes and says: That the defendants, S. J. Shelton and J. M. Davis, are indebted to the plaintiffs in the sum of $262.09, with interest on $256.79 thereof from the 19th day of May, 1879, by virtue of a judgment duly obtained and recorded in the Superior Court clerk's office of Haywood county, in Judgment Docket 'F,' on page 20, together with costs of suit;

"That on the 14th day of March, A. D. 1881, an execution was issued against the property of the defendants in favor of plaintiffs, which was duly returned on the 3d day of May, 1881, wholly unsatisfied; that on the respective days, to-wit: June 28th, 1881, January 16th, 1882, March 10th, 1883, December 17th, 1883, October 28th, 1884, alias executions issued to the sheriff of Haywood county against the property of defendants in favor of plaintiffs, each and every one of which were duly returned wholly unsatisfied, as appears by record on the Judgment Docket aforesaid; that on the 16th day of February, A. D. 1886, an alias execution was again issued to the sheriff of Haywood county against the property of defendants and in favor of plaintiffs, which said execution was on the 5th day of April, A. D. 1886, duly returned wholly unsatisfied. Affiant believes, on information, that the defendants, S. J. Shelton and J. M. Davis, have property, choses in action or things of value, which ought to be sub-

jected to the payment of the judgment. To this affiant's knowledge there is not any equitable estates in lands within the lien of the judgment. Affiant further states that said judgment is wholly unpaid and satisfied.

"Amended by consent, thus: Affiant is informed and believes that defendants have no property, real or personal, that is subject to execution."

Upon this affidavit an order was issued by the clerk, requiring the defendants to appear, &c. Upon the return of the order a motion was made before the clerk to dismiss the proceedings because of the insufficiency of the affidavit. The clerk adjudged the affidavit to be insufficient, and dismissed the proceeding, from which the plaintiffs appealed to the Judge of the Superior Court, and upon the hearing of the appeal the following order was made:

"This cause coming before me on appeal of plaintiffs from the order of the Clerk of the Superior Court of Haywood county, dismissing the proceedings on the ground that the plaintiffs' affidavit, upon which the same issued, is insufficient, upon hearing the record in the cause and the argument of counsel—

"It is considered by the Court here that said affidavit is sufficient in law; and it is ordered by the Court that the defendants answer, as required in the original order, concerning their property, before the clerk of the Superior Court at a time and place to be fixed by said clerk."

From this order the defendants appealed to this Court, and the only question presented for consideration is whether the affidavit is sufficient in law to warrant the order.

No counsel for the plaintiffs.
*Mr. Geo. H. Smathers,* for the defendants.

DAVIS, J., (after stating the case). The defendants say that the affidavit fails to specify the property, choses in action, or

other thing of value owned by the defendants, which they refuse to apply towards the satisfaction of plaintiffs' judgment, and for this failure the affidavit is insufficient.

Sub-section 1 of §488 of *The Code*, authorizes an order requiring defendants to answer concerning their property, upon the return of an execution unsatisfied, and subsection 2 authorizes an order to issue, before the return of the execution, "upon proof by affidavit" that the judgment debtor "has property which he unjustly refuses to apply towards the satisfaction of the judgment."

Under the old practice, a suit in the County or Superior Court was commenced by a writ, issued by the clerk, which commanded the sheriff " to take the body of the defendant," &c., and the defendant was required to give bail for his appearance, &c., and if the sheriff in executing the process failed to require bail, he himself became special bail. The bail was responsible for the appearance of the defendant to satisfy the judgment of the Court; and if he failed to appear, the bail became liable. The liability of the bail, however, did not become final or absolute until after notice, and he might, at any time before final judgment against him, discharge his liability in certain modes, the most usual of which was by a surrender of his principal. The *scire facias* could be issued to notify the bail after a return of the execution by the sheriff, *unsatisfied, without affidavit*, and the defendant, being in custody, could only discharge himself by giving notice to the creditor, and filing a schedule containing "an exact account of his estate, and all circumstances relating thereto."

This schedule had to be on oath, and if sufficient, entitled the defendant to his discharge, and he could not get his discharge until it appeared that he had rendered an accurate schedule of all his property, the title to which (except such as was exempt) vested in the sheriff for the satisfaction of the judgment. No *capias ad satisfaciendum* could

issue, except upon affidavit that the debtor had no property, which could be reached by *fieri facias,* sufficient to satisfy the judgment, and that he had property, money, or effects which could not be reached, or had fraudulently concealed his property, &c., or was about to remove from the State.

The supplementary proceeding is designed to enable the creditor to reach the same result as was attained by the *ca. sa.* under the old practice, and in analogy to that practice, it may be that the absence of the requirement of the affidavit to procure the order *after* the return of the execution unsatisfied, in subsection 1 of section 488, was because it was thought unnecessary. But this Court, in a carefully considered opinion, delivered by DILLARD, Judge, in *Hinsdale* v. *Sinclair,* 83 N. C., 338, has put a different construction upon the statute, and we accept it as now settled, that in order to obtain the order "three facts must be made to appear by affidavit or otherwise: (1) the want of *known* property liable to execution, which is proved by the sheriff's return of '*unsatisfied;*' (2) the *non existence* of any equitable estate in land within the lien of the judgment, and (3) the existence of property, choses in action, and things of value, unaffected by any lien and incapable of levy."

Each of these requirements is met by the affidavit in this case. The very purpose of the proceeding is to compel a *discovery* by an examination of the defendant; and if the scope of the examination were confined, as is insisted, to such "property, choses in action or other things of value" as the plaintiff might be able to specify in his affidavit, the supplementary proceeding would be shorn of its chief value.

The affidavit is sufficient, and there is no error.

Affirmed.