HACKNEY BROS. v. PATTIE D. ARRINGTON.

*Proceedings Supplemental to Execution.*

While the statute (*The Code*, § 488,) in its present form dispenses with the necessity that an affidavit to obtain proceedings supplemental to execution shall allege that the judgment debtor has no "equitable estate in land subject to the lien of the judgment, and that he has choses in action or other things of value unaffected by the lien of the judgment and incapable of levy," it is still essential that it shall allege the want of known property liable to execution.

This was a motion to DISMISS PROCEEDINGS SUPPLEMENTAL TO EXECUTION, heard upon appeal from the Clerk of the Superior Court of WAKE County, by *Shipp, J.*, at Chambers, January 20th, 1888.

The plaintiff having recovered judgment before a Justice of the Peace in order to sue out supplementary proceedings for its enforcement against the debtor, offered an affidavit in the following terms:

"1. That on November 19th, 1887, a judgment was duly rendered by a Justice of the Peace in Wake County, in favor of plaintiff and against the defendant for the sum of $252.38.

"2. That on December 21st, a transcript of the judgment was docketed in the Superior Court of Wake County, and on that day an execution duly issued from said Court for the collection of said judgment, and said execution is now in the hands of the Sheriff of Wake County.

"3. That the judgment debtor Arrington resides in Wake County and has property which she unlawfully refuses to apply towards the satisfaction of said judgment. That at ..... Term, 1887, of the Superior Court of Vance County the said Arrington recovered a judgment for the sum of $9,247, with interest, in the action pending in said Court entitled Pattie Arrington *v.* W. N. Arrington et als, which judgment

HACKNEY *v.* ARRINGTON.

and recovery she refuses to apply to the payment of the judgment in favor of said Hackney Bros., plaintiffs in this this proceeding.

"4. That affiant is one of the plaintiffs in said action of Hackney Bros. *v.* Pattie Arrington.

"5. That there are no other proceedings supplementary to execution pending against said Pattie Arrington, to the best of affiant's information and belief."

The order for the examination of the debtor having been issued, and the hearing been resumed before the Clerk on December 13th, 1887, the defendant's counsel moved to vacate the order on the ground of insufficiency of the affidavit upon which it was made, and the motion being denied, the defendant appealed to the Judge.

The examination thereupon proceeded, and the following interrogatory was propounded:

"What property have you, real or personal, or both, other than that set apart to you, or to which you are entitled as homestead or personal property exemption?"

The witness declined to make answer, for the reason that until the ruling upon the subject matter of the appeal, the examination must be suspended in order to await the result; whereupon a continuance was ordered until December 29th, and meanwhile the restraining order, forbidding the debtor "to pay, receive, transfer, dispose of, or in any way interfere with her property not exempt from execution," was kept in force, and from this ruling the defendant again appealed.

Upon the hearing before the Judge he declared the affidavit essentially defective, and that the motion to dismiss ought to have been sustained.   From this judgment the plaintiffs appealed to this Court.

*Mr. S. F. Mordecai,* for the plaintiffs.
*Mr. Spier Whitaker,* for the defendant.

SMITH, C. J.  The only inquiry to be here made is as to the sufficiency of the plaintiffs' affidavit to support the order for an examination of the defendant.

In construing the provisions of the Code of Civil Procedure, § 264, and following, now contained, with some modification, in § 488, *et seq.*, of *The Code*, in the light of previous practice which they were intended to supersede, RODMAN, J., speaking on behalf of the Court, says : " We think that the purpose of *The Code* was to give those remedies to a plaintiff only in case the defendant had *no known property liable to execution.*"  *McKeithan* v. *Walker*, 66 N. C., 95.

In *Hutchison* v. *Symons*, 67 N. C., 156, equally explicit, and almost the same language is used by PEARSON, C. J.: " The Court holds that the purpose of *The Code* was to give supplemental proceedings only in case the debtor has no property liable to execution, or to *what is in the nature of an execution,* viz : *proceeding to enforce its sale.*"

In *Weiller* v. *Lawrence*, 81 N. C., 65, DILLARD, J., uses this language : " It was moved to dismiss upon the ground that the affidavit of the plaintiffs was insufficient to warrant the order of examination, in that whilst it negatived property in the defendants liable to execution, it did not *negative the existence of equitable interests which could be reached by proceedings to enforce a sale in the nature of an execution.*"

It was certainly necessary that the affidavit should be thus definite, as decided by this Court in *McKeithan* v. *Walker*, 66 N. C., 95, and *Hutchison* v. *Symons*, 67 N. C., 156.

The same doctrine is reiterated and put in a more precise form in *Hinsdale* v. *Sinclair*, 83 N. C., 338, wherein the Judge last mentioned says : "That to authorize the grant of an order of examination, these three facts must be made to appear by affidavit or otherwise, to-wit : the want of *known property* liable to execution which is proved by the Sheriff's return of '*unsatisfied ;*' the non-existence of any equitable estate in land within the lien of the judgment ; and the

existence of property, choses in action and things of value unaffected by any lien and incapable of levy."

And again in reiteration it is declared with emphasis in *Magruder* v. *Shelton*, 98 N. C., 545, that the construction of the statute must now be deemed "settled" and at rest. The appellant's counsel rely on the amendment introduced in *The Code* which annexes to the second paragraph of § 488 at its close, these words: "And the judgment creditor shall be entitled to the order of examination under this subdivision, and under subdivision one, although the judgment debtor may have an equitable estate in land, subject to the lien of the judgment, or may have choses in action or other things of value unaffected by the lien of the judgment, and incapable of levy." This addition, it is contended, was made to remove the necessity of any averment or proof of the debtor's possessing property exposed to execution, preliminary to his undergoing examination.

In reference to the effect and extent of this legislative change in the statute, we remark:

1. The very words of the section preceding are re-enacted in *The Code* in the form in which they appear in the Code of Civil Procedure, and this with the construction given to it by the Court.

2. There is nothing in the amendment dispensing with the allegation of the non-existence, so far as known, of property which could be subjected to execution.

3. In the absence of any evidence of a purpose to open the way to this examination into the financial resources of the debtor, when he had ample visible property to meet the demand and the kind of remedy sought was wholly unnecessary, it can hardly be supposed that such a result was intended, or it would have been clearly expressed, and not left to a strained inference.

4. In the cases referred to, one of the conditions of relief mentioned is an averment negativing the debtor's having

8

any equitable estate in land subject to a judgment lien. yet not saleable under execution, and the amendment expressly applies to this, and dispenses with the averment.

5. The other kinds of property described, the possession of which must not obstruct the remedy, are such as are " unaffected by the lien of the judgment, and incapable of levy." In *Hutchison* v. *Symonds*, *supra*, the Chief Justice, after the sentence we have already extracted from the opinion, proceeds to say : " And so if the debtor has property on which the creditor has acquired a lien, it must be shown either by a sale of the property, or by affidavit, that the property is insufficient in value to satisfy the debt; otherwise, the application for supplementary proceedings has no sufficient ground to rest on ; for it does not appear that the debt will not be made out of the property bound by the execution, and so a resort to the extraordinary proceedings is not shown to be necessary."

And so one of the essential averments in *Hinsdale* v. *Sinclair*, already recited, is declared to be " the non-existence of any equitable estates in land within the lien of the judgment."

Now, it is plain that the effect of the change brought about is to dispense with any allegation that there was no such *trust estate or interest* in the debtor as is specified, and to extend it to other classes of property when no lien attaches, and which the officer cannot sell, in order to the payment of execution in his hands.    But it is nowhere indicated that it was the intent of the additional enactment to permit a creditor to have direct resort to the redress given upon an affidavit that the debtor "has property which he unjustly refuses to apply toward the satisfaction of the judgment against him," when there was ample property, real and personal, which could be appropriated by a sale under execution to the plaintiff's demand, and to reverse the repeated rulings of this Court upon the point.    If such a purpose existed, (and the result would be a very radical change in the law if it did,)

it was quite easy to give it expression, while the language used, very particular in its terms, says nothing which can fairly warrant such a deduction, and we cannot assent to the argument which makes it.

The general reasoning that has led to the ruling by which the statute is construed, and its true meaning arrived at, is based upon the previous analagous practice that prevailed in the Courts of Equity, and in order to its conformity thereto, of which, in the language of DILLARD, J., " it is in part a substitute," and this will appear by reference to *Frost* v. *Reynolds*, 4 Ired. Eq., 494; *Kirkpatrick* v. *Means*, 5 Ired. Eq., 220; *Wheeler* v. *Taylor*, 6 Ired. Eq., 225, and other cases.

The ruling of the Judge must therefore be affirmed, and it is so adjudged.

Affirmed.