INTERNATIONAL HARVESTER COMPANY OF AMERICA v. S. B. BROCKWELL.

(Filed 15 June, 1932.)

**Execution J a—Supplemental proceedings must be instituted within three years from issuance of execution.**

Supplemental proceedings are based upon an execution and may not be instituted against a defendant when there has been no execution issued within three years from the institution of such supplemental proceedings, C. S., 711, 712, 719, and chapter 24, Public Laws of 1927, does not affect this result, the later act having no repealing clause does not apply to supplemental proceedings but applies only to strike out the three-year limitation in C. S., 667 and to repeal C. S., 668.

CIVIL ACTION, before *Midyette, J.,* at January Term, 1932, of DURHAM.

The plaintiff instituted an action and recovered judgment against the defendant at the October Term, 1927, of the Superior Court of Durham County for the sum of $2,004.93, and was returned on 14 March, 1928, with the following notation: Served. Nothing found to satisfy the within execution." Thereafter on 16 January, 1932, the attorney for the plaintiff filed an affidavit reciting the judgment, the execution and the return thereof, and alleging that the defendant "has no known property that is liable to execution, but as affiant is informed and believes said defendant has property, choses in action and other things of value not exempt from execution and which he refuses to apply toward the satisfaction of said judgment." The affidavit further declares, upon information and belief, that the Standard Oil Company has property of defendant exceeding $10.00 in amount. Thereupon notice issued to the defendant, Brockwell, and to the agent of the Standard Oil Company to appear before the clerk of the Superior Court of Durham County on 27 January, 1932, to be examined and answer concerning the same. At the hearing before the clerk he dismissed the proceeding upon the ground that the clerk was "of the opinion that he had no authority to order any application of the funds in the hands of the Standard Oil Company to the payment of any judgment and denied the motion to that effect."

Thereupon plaintiff appealed to the Superior Court and the judge entered the following judgment: "And it appearing to the court that execution was issued on the original judgment against the defendant in the above entitled action on 27 January, 1928, and that same was returned unsatisfied, and that no execution had been issued on said judgment since 27 January, 1928, it is therefore considered, ordered and adjudged by the court that the order or judgment of the clerk of the Superior Court be, and the same is hereby in all respects affirmed, and said supplemental proceedings dismissed, and the plaintiff taxed with the costs."

To the foregoing judgment the plaintiff appealed.

*R. O. Everett for plaintiff.*
*Brawley & Gantt for defendant.*

BROGDEN, J. Can supplemental proceedings be instituted against a defendant when there has been no execution issued within three years from the institution of such supplementary proceedings?

The statutes involved constitute certain sections of Article 30 of the Consolidated Statutes, and have particular reference to C. S. sections 711, 712 and 719. A reading of the statutes discloses that a supplemental proceeding is based upon an execution. C. S., 711 deals with the problem after the execution has been returned, and C. S., 712 prescribes the procedure before the execution is returned. C. S., 719 relates to the examination of a third party and not primarily to the defendant in the execution. The distinction between these statutes is discussed and applied by McIntosh Practice & Procedure, section 747, pp. 865, *et seq.* C. S., 711, specifically requires that the supplemental proceedings against the defendant must be instituted "within three years from the time of issuing the execution." The supplemental proceedings in the case at bar was not instituted "within three years from the time of issuing the execution." While a third party under C. S., 719 may be examined without reference to the three-year limitation, notwithstanding, if the defendant himself is supplemented, the proceedings must be instituted "within three years of the issuing of execution."

The plaintiff contends that the day is saved for it by virtue of chapter 24, Public Laws of 1927, which strikes out the three-year limitation in C. S., 667 and repeals C. S., 668. However, the amending statute aforesaid does not purport to deal with supplementary proceedings, but operates directly upon the sections referred to in the act. Moreover, there is no repealing clause, and hence the application of the act must be confined to the express language thereof.

Affirmed.