PAUL J. MASSEY, ADMINISTRATOR OF THE ESTATE OF PAUL W. MASSEY, DECEASED, v. ONIE ADAM CATES

No. 68SC148

(Filed 14 August 1968)

**1. Execution § 16—    proceedings supplemental to execution**

Article 31, Chapter 1, of the General Statutes provides for supplemental proceedings, equitable in nature, which may be used after execution has been returned unsatisfied to aid creditors to reach property of every kind subject to the payment of debts which cannot be reached by the ordinary process of execution.

**2. Execution § 16—    proceedings supplemental to execution — appointment of receiver — sufficiency of motion**

A motion for the appointment of a receiver under G.S. 1-363 is sufficient to withstand demurrer if it sufficiently alleges that defendant probably has property which cannot be reached by execution or that defendant probably has transferred property to defraud plaintiff judgment creditors.

**3. Execution § 16—    proceedings supplemental to execution — appointment of receiver — sufficiency of motion**

A motion by a judgment creditor for the appointment of a receiver under G.S. 1-363 is sufficient to withstand demurrer upon allegations that an examination of defendant debtor pursuant to G.S. 1-352 revealed that defendant had transferred corporate stock formerly registered in his name to his wife, that he had disposed of automobiles formerly registered in his name or had allowed them to be repossessed so that they could be registered in his wife's name, that all funds on deposit to his name had been withdrawn and all bank accounts placed in his wife's name, that he is accumulating corporate stock and life insurance cash value through payroll deductions, and that defendant does not intend to pay the balance due on the judgment.

APPEAL by plaintiff from *Shaw, J.,* in chambers, 27 November 1967 Civil Session ROCKINGHAM Superior Court.

Plaintiff brought suit against defendant to recover for the wrongful death of his intestate allegedly resulting from the negligence of defendant. Defendant answered and pled the contributory negligence of plaintiff's intestate as a bar to any recovery. The jury answered the issues in favor of plaintiff and awarded plaintiff $10,000.00. Judgment thereon was entered 24 February 1966. Defendant noted an appeal but failed to perfect it, and the appeal was dismissed by order entered 23 May 1966. Defendant's insurance carrier paid $5,000.00 on the judgment. Defendant failed to pay the balance, and on 22 August 1966 plaintiff caused execution to issue, which was returned unsatisfied on 26 October 1966. On 31 July 1967, plaintiff filed a motion in the cause for the examination of defendant, his

wife, and the appropriate personnel officer of Duke Power Company, defendant's employer. On 13 October 1967, plaintiff filed a motion in the cause alleging that an inquisition of defendant was held under authority of G.S. 1-352 from which it was determined that defendant is regularly employed by Duke Power Company and earning a gross monthly income of $885.00; that his children were all married and away from home; that he had disposed of the two automobiles formerly registered in his name or permitted them to be repossessed in order that all family automobiles could be transferred or registered in his wife's name; that defendant provided the funds with which his wife was buying said automobiles; that defendant had discontinued all bank accounts in his name and was delivering his paycheck to his wife to be cashed or deposited to her name; that defendant had transferred to his wife an undetermined number of shares of Duke Power Company stock formerly registered in his name; that defendant had intentionally removed, transferred or disposed of his property with intent to defraud his creditors and did not intend to make any arrangements to pay the balance on said judgment; that defendant had authorized the deduction of $56.95 monthly from his salary for purchase of life insurance and Duke Power Company stock and substantial cash values are accumulating under these programs which assets are beyond the reach of execution under the ordinary processes of the court; that defendant has a substantial monthly income in excess of his legitimate expenses which should and could be applied to payment of principal and interest on the judgment.

Plaintiff asked for the appointment of a receiver to (1) take possession of and hold subject to orders of the court all lands, goods, property, stocks, insurance policy cash surrender values, insurance policy proceeds, Duke Power Company stock and current earnings of the defendant, and (2) take such action as may be necessary to recover from defendant's wife automobiles acquired by her with funds of defendant and any and all property transferred to her by defendant for purposes of defrauding plaintiff. Defendant demurred to the motion for that plaintiff had not shown he had exhausted his remedies as provided by law; that plaintiff had not shown that defendant had assets in excess of his exemptions; that plaintiff had not shown that defendant had fraudulently transferred any property held by him at the time of the accident or from the time of the accident to the entry of the judgment; that plaintiff has a remedy at law as to any assets transferred in defraud of his creditors. On 18 March 1968, an order was entered sustaining the demurrer and plaintiff appealed.

*Gwyn & Gwyn by Melzer A. Morgan, Jr., for plaintiff appellant.*
*W. T. Combs, Jr. for defendant appellee.*

MORRIS, J.

Plaintiff is proceeding under G.S. 1-363 which provides:

"The court or judge having jurisdiction over the appointment of receivers may also by order in like manner, and with like authority, appoint a receiver in proceedings under this article of the property of the judgment debtor, whether subject or not to be sold under execution, except the homestead and personal property exemptions. But before the appointment of the receiver, the court or judge shall ascertain if practicable, by the oath of the party or otherwise, whether any other supplementary proceedings are pending against the judgment debtor, and if so, the plaintiff therein shall have notice to appear before him, and shall likewise have notice of all subsequent proceedings in relation to the receivership. No more than one receiver of the property of a judgment debtor shall be appointed. The title of the receiver relates back to the service of the restraining order, herein provided for."

[1] This statute is included in Article 31 of Chapter 1 of the General Statutes entitled "Supplemental Proceedings". Article 31 provides for supplemental proceedings, equitable in nature, after execution against a judgment debtor is returned unsatisfied to aid creditors to reach property of every kind subject to the payment of debts which cannot be reached by the ordinary process of execution. These proceedings are available only after execution is attempted.

Here, plaintiff had execution issued. It was returned unsatisfied. Plaintiff then proceeded under G.S. 1-352 and obtained an order to examine the defendant with respect to his property. Based on information obtained from this examination of defendant under oath, plaintiff moved for the appointment of a receiver as provided by statute.

The only question presented here is whether plaintiff's motion is sufficient to withstand a demurrer.

The statute with which we are now concerned was before the Court in *Coates v. Wilkes,* 92 N.C. 377. There has been no amendment or change in phraseology since that time. There the plaintiff had caused execution to issue, it was returned unsatisfied, and plaintiff obtained an order to examine defendant. Thereafter plaintiff moved for the appointment of a receiver, the motion was denied,

and plaintiff appealed. In discussing the evidence sufficient to warrant the appointment of a receiver, the Court said:

"Indeed, a receiver is appointed almost as of course, where it appears that the judgment debtor has, or probably has, property that ought to be so subjected to the satisfaction of the judgment, after the return of the execution unsatisfied. The receivership operates and reaches out in every direction as an equitable execution, and it is the business of the receiver, under the superintendence of the court, to make it effectual by all proper means."

In discussing plaintiff's allegation of defendant's disposition of property to prevent its application to the payment of the judgment, the Court noted:

"If there was evidence tending strongly to show such a disposition of it, or that he was refusing, covertly or otherwise, to apply his property to the judgment, this was sufficient to warrant the appointment of a receiver, to the end that he might take such steps and, if need be, bring such actions as would enable him to secure and recover any property of the defendant so conveyed or withheld by him, to be applied to the judgment of the plaintiff. To warrant the appointment of a receiver, it need not appear, certainly or conclusively, that the defendant has property that he ought to apply to the judgment — if there is evidence tending in a reasonable degree to show that he probably has such property, this is sufficient; or if it appears probable that he has made a fraudulent conveyance of his property as to his creditors, this is sufficient."

[2, 3]   Plaintiff has alleged that defendant had testified under oath that he had transferred Duke Power Company stock formerly registered in his name to his wife, had allowed automobiles owned by him to be repossessed so that any automobiles could be registered in his wife's name; that all funds on deposit to his name had been withdrawn and all bank accounts placed in his wife's name; that he was through payroll deductions accumulating Duke Power Company stock and cash value of life insurance; that he did not intend to pay the balance due on the judgment. The motion sufficiently alleges that defendant probably has property which cannot be reached by execution and that he has probably transferred property to defraud this judgment creditor. The demurrer should not have been sustained.

Plaintiff has chosen to proceed under G.S. 1-363 in preference to G.S. 1-353. This is his right. We find no authority to support defendant's contention that plaintiff must proceed under G.S. 1-353

before he can apply for a receiver under G.S. 1-363 nor has defendant cited any authority for this position. It may be that defendant has no property over and above his exemptions allowed by law which can be applied to the satisfaction of the judgment. If he does have such property, it should be applied to the payment of the judgment. If he does not, this fact ought to be made to appear, with reasonable certainty, to the satisfaction of the holder of the judgment. This the receiver, if appointed, will proceed to determine. "The purpose of the law in such proceedings is to afford the largest and most thorough means of scrutiny, legal and equitable in their character, in reaching such property as the debtor has, that ought justly to go to the discharge of the debt his creditor has against him." *Coates v. Wilkes, supra,* at 381.

For the reasons herein stated, the ruling of the trial court sustaining the demurrer is

Reversed.

CAMPBELL and BRITT, JJ., concur.