IN THE MATTER OF: TRANSPORTATION OF JUVENILES

No. 9018DC857

(Filed 7 May 1991)

**Courts §§ 6, 12 (NCI4th)— district court—no action or proceeding filed—absence of jurisdiction to enter order—no inherent power**

A district court judge had no jurisdiction under N.C.G.S. § 7A-291(6) or N.C.G.S. § 7A-574(d) to enter an order ex mero motu requiring the Guilford County Sheriff's Department to transport delinquent or undisciplined juveniles who were in secured custody to and from court where no action or proceeding had been filed with the court. Nor did the court have the inherent power to enter this order as being necessary for the efficient exercise of the administration of justice where the court lacked jurisdiction in the first instance.

**Am Jur 2d, Courts §§ 91, 94.**

APPEAL by Guilford County Sheriff's Department from Order entered 13 July 1990, *nunc pro tunc* 29 June 1990 in GUILFORD County District Court by *Judge Laurence C. McSwain.* Heard in the Court of Appeals 19 February 1991.

*Deputy County Attorney J. Edwin Pons, for appellant, Guilford County Sheriff's Department.*

*No appellee's brief filed.*

## IN RE TRANSPORTATION OF JUVENILES

[102 N.C. App. 806 (1991)]

WYNN, Judge.

### I

On 13 July 1990, Guilford County District Court Judge Laurence C. McSwain entered an order, *ex mero motu* and without an action or proceeding having been filed, directing the Guilford County Sheriff's Department to "transport any delinquent or undisciplined juvenile from the Guilford County Detention Center to the designated Juvenile Court in High Point, North Carolina, or Greensboro, North Carolina, by 9:30 a.m. on days required and to transport any designated delinquent or undisciplined juvenile from the Juvenile Courtroom in High Point, North Carolina, or Greensboro, North Carolina, to the Guilford County Juvenile Detention Center." Prior to the entry of the district court's order, the practice in Guilford County was that juvenile court counselors transported designated delinquent or undisciplined juveniles who were in secure custody to and from court.

The Guilford County Sheriff's Department now appeals from the entry of Judge McSwain's order.

### II

Judge McSwain's order cites N.C.G.S. §§ 7A-291(6), 7A-574(d) and "the inherent power of a District Court Judge to enter orders necessary for the efficient exercise of the administration of justice" as authorizing the entry of the order below. We shall address these propositions *seriatim*.

North Carolina General Statutes section 7A-291(6) provides as follows:

"Additional powers of district court judges"

In addition to the jurisdiction and powers assigned in this chapter, a district court judge has the following powers:

. . . .

(6) To issue all process and orders necessary or proper in the exercise of his powers and authority, and to effectuate his lawful judgments and decrees.

N.C. Gen. Stat. § 7A-291(6) (1989).

We do not believe this statute was intended to give a district court judge the power to enter an order *ex mero motu* when no

action is before the court. A court cannot undertake to adjudicate a controversy on its own motion; rather, it can adjudicate a controversy only when a party presents the controversy to it, and then, only if it is presented in the form of a proper pleading. 20 Am. Jur. 2d *Courts* § 94 (1965). Thus, before a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question. *Id.* See *Carolina Freight Carriers Corp. v. Local 61, International Bhd. of Teamsters,* 11 N.C. App. 159, 180 S.E.2d 461, *cert. denied,* 278 N.C. 701, 181 S.E.2d 601 (1971) (holding that "the filing of a complaint or the issuance of summons pursuant to G.S. 1A-1, Rule 3, [was] a condition precedent to the issuance of an injunction or restraining order." 11 N.C. App. at 161, 180 S.E.2d at 463). *See also* N.C. Gen. Stat. § 7A-193 (1989) (stating in pertinent part, that, "A civil action is commenced by filing a complaint with the court.").

It is clear in this case that no action or proceeding had been commenced. We conclude that without an action pending before it, the district court was without jurisdiction to enter an order pursuant to N.C.G.S. § 7A-291(6).

For similar reasons, N.C.G.S. § 7A-574(d) does not provide a sufficient ground for entering the order below. Section 7A-574(d) falls under the Juvenile Code which requires that the trial court have jurisdiction before exercising the powers granted thereunder. Since the district court was without jurisdiction because there was no action before it, we must conclude that section 7A-574(d) does not provide the necessary basis for the entry of Judge McSwain's order.

We likewise conclude that the court below lacked the inherent power to enter its order. Courts have the inherent power to do only those things which are reasonably necessary for the administration of justice *within the scope of their jurisdiction.* 20 Am. Jur. 2d *Courts* § 78 (1965) (emphasis added). Inherent powers are limited to those powers which are essential to the existence of the court and necessary to the orderly and efficient exercise of its jurisdiction. *State v. Gravette,* 327 N.C. 114, 124, 393 S.E.2d 865, 871 (1990) (citing *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E.2d 644 (1943) ). Since the trial court lacked jurisdiction in the first instance, there could be no concomitant inherent power which was necessary to the orderly and efficient exercise of its jurisdiction.

STATE EX REL. COMR. OF INSURANCE v. N.C. RATE BUREAU

[102 N.C. App. 809 (1991)]

We are acutely aware of the dilemma in which Guilford County Juvenile Court Counselors and Judge McSwain have found themselves. Delinquent or undisciplined juveniles who are ordered into secure custody often prove to be recalcitrant, unpredictably volatile, and even violent. In many cases, law enforcement is clearly better equipped to handle the transportation of such individuals from their secure facilities to designated courtrooms and vice versa. Nonetheless, Judge McSwain lacked the jurisdiction to enter the order made in this case. The order entered below is therefore

Vacated.

Judges WELLS and GREENE concur.