IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-526

No. COA20-921

Filed 5 October 2021

Wake County, No. 18 CVS 13036

MILONE & MACBROOM, INC., Plaintiff,

v.

KYLE V. CORKUM, ET AL., Defendants.

Appeal by Defendant from Order entered 5 March 2020 by Judge Michael J. Denning in Wake County District Court. Heard in the Court of Appeals 11 August 2021.

*Smith, Debnam, Narron, Drake, Saintsing & Myers, LLP, by Byron L. Saintsing and Thomas A. Gray, for plaintiff-appellee.*

*Akins, Hunt, Atkins, P.C., by Donald G. Hunt, Jr., and Kristen Atkins Lee, for defendants-appellants.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Kyle Corkum (Defendant) appeals from the trial court's Order granting Milone & MacBroom, Inc.'s (Plaintiff) Motion to Compel responses to Plaintiff's post-judgment discovery requests in supplemental proceedings, denying Defendant's Motion for a Protective Order, and indicating the trial court's intent to award Plaintiff attorneys' fees as a Rule 11 sanction against Defendant. By prior Order of this Court,

this appeal was consolidated for the "purpose of hearing only" under N.C.R. App. P. 40 with Plaintiff's subsequent appeal in COA20-922 taken after the trial court entered a later order imposing monetary sanctions against Defendant pursuant to Rule 11 in the amount of $8,500.00. The Record before us tends to reflect the following:

¶ 2 On 30 October 2012, as memorialized in a Statement Authorizing Entry of Judgment (Statement), Plaintiff entered into an agreement with Defendant, individually, and with Defendant as the manager of a number of Limited Liability Companies (LLCs) for payment of monies owed by Defendant and the LLCs for "services, capital, and equipment" in the total amount of $2,500,000. The parties agreed that Defendant and the LLCs would authorize entry of judgment against them for the full $2,500,000, but Plaintiff would not record the judgment if Defendant and the LLCs made a series of quarterly payments beginning in December 2012 and concluding in March 2019 totaling $1,402,000. Defendant and the LLCs made payments under the agreement—paying $1,138,500 towards their obligation—before defaulting in September 2018.

¶ 3 As a result of this default by Defendant and the LLCs, on 23 October 2018, Plaintiff filed the Statement and a supporting affidavit with the Wake County Clerk of Superior Court and the clerk's office entered a Confession of Judgment, pursuant to Rule 68.1 of the North Carolina Rules of Civil Procedure, against Defendant and

the LLCs in Plaintiff's favor in the full amount of $2,500,000 with interest. A few days later, on 30 October 2018, Plaintiff filed a Certificate of Credit on Judgment noting Defendant and the LLCs payments of $1,138,500 and crediting the payments towards the Judgment.

¶ 4 The Record before us does not reflect any writ of execution was issued or returned unsatisfied in whole or part, and it appears there was no further effort to execute on the judgment. Nevertheless, on 26 March 2019, Plaintiff served Interrogatories to Supplemental Proceedings and Request for Production of Documents, pursuant to N.C. Gen. Stat. §§ 1-352.1 and 1-352.2, on attorneys Plaintiff believed were Defendant's counsel. Plaintiff filed a Motion to Compel in Wake County District Court on 7 May 2019 alleging Defendant had not responded to its interrogatories and request for production.[1] Plaintiff withdrew its Motion to Compel on 26 July 2019. In addition, also on 26 July 2019, Plaintiff served a new set of interrogatories and requests for production on Defendant.

¶ 5 On 8 August 2019, Defendant filed a Motion to Dismiss for Lack of Jurisdiction, Insufficiency of Process and Improper Service of Process and Failure to Comply with N.C. Gen. Stat. §§ 1-352.1 and 1-352.2, in the Alternative, Motion for Protective

---

[1] This Motion to Compel was captioned as being filed "In the Court of Common Pleas District Court Division[.]"

Order, Motion to Dismiss and for Protective Order captioned as filed in Wake County Superior Court. Plaintiff subsequently filed a second Motion to Compel in Wake County District Court on 27 November 2019.[2]

Both parties' Motions came on for hearing in Wake County District Court on 27 February 2020. Following the hearing, the trial court entered an Order granting Plaintiff's Motion to Compel and denying Defendant's Motion for a Protective Order on 5 March 2020.[3] In addition, the trial court's Order stated it was awarding Plaintiff attorneys' fees under N.C. R. Civ. P. 11 as a sanction for Defendant seeking a protective order but did not set the amount of fees. Defendant filed written Notice of Appeal of the trial court's Order on 10 March 2020.

## ISSUE

The dispositive issue in this appeal is whether the trial court had subject-matter jurisdiction to issue orders in supplemental proceedings in aid of execution where no writ of execution was issued or returned unsatisfied in whole or in part.

## ANALYSIS

As a threshold matter, although Plaintiff does not argue this Court lacks appellate jurisdiction to hear this case, Defendant acknowledges the trial court's

---

[2] Again, captioned as being filed in the "Court of Common Pleas District Court Division[.]"

[3] This Order also is captioned as in "The Court of Common Pleas District Court Division."

Order granting Plaintiff's Motion to Compel could be construed as an interlocutory discovery order not, generally, directly immediately appealable. Indeed, as a general proposition, "an order compelling discovery is not immediately appealable because it is interlocutory and does not affect a substantial right which would be lost if the ruling is not reviewed before final judgment." *Benfield v. Benfield*, 89 N.C. App. 415, 418, 366 S.E.2d 500, 502 (1988) (citations omitted). Similarly, as a general matter, an appeal from an award of attorneys' fees may not be brought until the trial court has finally determined the amount to be awarded. *Triad Women's Ctr., P.A. v. Rogers*, 207 N.C. App. 353, 358, 699 S.E.2d 657, 660 (2010).

¶ 9 Here, on the Record before us, compliance with the trial court's 5 March 2020 Order granting Plaintiff's Motion to Compel has not been enforced by sanctions. Moreover, the trial court's 5 March 2020 Order imposing Rule 11 sanctions on Plaintiff for opposing the Motion to Compel is not an appealable Order because it does not award an amount of attorneys' fees. *In re Cranor*, 247 N.C. App. 565, 569, 786 S.E.2d 379, 382 (2016) ("Where an order imposes judicial discipline, an appeal from such order is interlocutory if the order involves the imposition of attorneys' fees and if the *amount* of the fee award was not set in the order."). Thus, Defendant's appeal is interlocutory and, we conclude—in the absence of any argument before this Court of an established privilege being asserted by Defendant, any sanction imposed for failure to comply with the Order compelling discovery, or a specific amount of

attorneys' fees awarded under Rule 11—the trial court's 5 March 2020 Order does not affect a substantial right. Therefore, Defendant is not entitled to an immediate appeal from the 5 March 2020 Order.

¶ 10       Nevertheless, and in the alternative, Defendant also requests this Court to treat his appeal as a Petition for Writ of Certiorari and allow review on the merits. While the better practice would have been for Defendant to file a separate Petition for Writ of Certiorari compliant with N.C.R. App. P. 21, we exercise our discretion to invoke N.C.R. App. P. 2 to vary the Rules of Appellate Procedure and allow Defendant's request to consider this appeal as a Petition for Writ of Certiorari notwithstanding the failure to comply with the requirements of N.C.R. App. P. 21. We do so because this case raises serious questions of how and when a trial court may exercise jurisdiction in supplemental proceedings that may otherwise escape review leading to manifest injustice to a party subjected to supplemental proceedings improperly instituted contrary to the express statutory requirements. Having invoked N.C.R. App. P. 2, our decision, then, on whether to issue the Writ of Certiorari necessarily turns on the merits of the appeal. *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) ("A petition for the writ must show merit or that error was probably committed below. *Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown." (citations omitted)).

¶ 11        Defendant argues the trial court lacked subject-matter jurisdiction over the supplemental proceedings. "Subject matter jurisdiction, a threshold requirement for a court to hear and adjudicate a controversy brought before it, is conferred upon the courts by either the North Carolina Constitution or by statute." *Burgess v. Burgess*, 205 N.C. App. 325, 327-28, 698 S.E.2d 666, 668 (2010) (citation and quotation marks omitted). We review challenges to subject-matter jurisdiction de novo. *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

¶ 12        " 'Subject matter jurisdiction cannot be conferred by consent or waiver, and the issue of subject matter jurisdiction may be raised for the first time on appeal.' " *Burgess*, 205 N.C. App. at 328, 698 S.E.2d at 668-69 (quoting *In re H.L.A.D.*, 184 N.C. App. 381, 385, 646 S.E.2d 425, 429 (2007), *aff'd*, 362 N.C. 170, 655 S.E.2d 712 (2008)). "Although defendant made no arguments concerning subject matter jurisdiction before the trial court, a party may raise the issue at any stage of a proceeding." *Composite Tech., Inc. v. Advanced Composite Structures (USA), Inc.*, 150 N.C. App. 386, 389, 563 S.E.2d 84, 85 (2002) (citation omitted). "This Court may also raise the issue even if neither party has addressed the matter." *Id.* Indeed, here, we discern a fundamental jurisdictional defect in the institution of the supplemental proceedings in this case which neither party has identified either below or in this Court: no writ of execution was issued to enforce the Judgment or returned unsatisfied in whole or in part prior to Plaintiff undertaking supplemental proceedings.

¶ 13 In an early opinion discussing statutory supplemental proceedings, our Supreme Court recognized statutory supplemental proceedings served to replace the prior Creditor's Bill in equity. *Rand v. Rand*, 78 N.C. 12, 14-15 (1878) ("We think it clear that proceedings supplementary to execution under the Code of Procedure are a substitute for the former creditor's bill, and are governed by the principle established under the former practice in administering this species of relief in behalf of judgment creditors."). The Court recognized: "The object of the proceeding is to compel the application of property concealed by the debtor, or which from its nature cannot be levied upon under execution, to the payment of the creditor's judgment." *Id*. at 15. It followed then: "The only purpose of the creditor's bill was to enforce satisfaction of a judgment out of the property of the judgment debtor when an execution could not reach it, and the only purpose of supplemental proceedings is to attain the same end by the same means." *Id*.

¶ 14 Article 31 of Chapter 1 of the North Carolina General Statutes contains the current statutes governing supplemental proceedings. The first statute in this article, N.C. Gen. Stat. § 1-352, is titled: "Execution unsatisfied; debtor ordered to answer." The text of that statute provides:

> *When an execution against property of a judgment debtor, or any one of several debtors in the same judgment*, issued to the sheriff of the county where he resides or has a place of business, or if he does not reside in the State, to the sheriff of the county where a judgment roll or a transcript of a judgment is filed, *is*

> *returned wholly or partially unsatisfied, the judgment creditor at any time after the return, and within three years from the time of issuing the execution, is entitled to an order from the court to which the execution is returned or from the judge thereof,* requiring such debtor to appear and answer concerning his property before such court or judge, at a time and place specified in the order, *within the county to which the execution was issued.*

N.C. Gen. Stat. § 1-352 (2019) (emphases added). Likewise, N.C. Gen. Stat. § 1-352.1 provides a judgment creditor may serve interrogatories on a judgment debtor concerning the debtor's property "at any time the judgment remains unsatisfied, *and within three years from the time of issuing an execution.*" N.C. Gen. Stat. § 1-352.1 (2019) (emphasis added). Further, N.C. Gen. Stat. § 1-352.2 provides for additional methods of discovering assets that may be employed "at any time the judgment remains unsatisfied, *and within three years from the time of issuing an execution*[.]" N.C. Gen. Stat. § 1-352.2 (2019) (emphasis added).[4]

¶ 15      Thus, as our Court explained: "Article 31 provides for supplemental proceedings, equitable in nature, after execution against a judgment debtor is returned unsatisfied to aid creditors to reach property . . . subject to the payment of debts which cannot be reached by the ordinary process of execution. These

---

[4] By way of further examples: N.C. Gen. Stat. § 1-353 allows for a judgment creditor "[a]fter issuing an execution against property" to seek an order requiring the judgment debtor to appear if the debtor is deemed to be "unjustly refus[ing]" to apply property towards the judgment; N.C. Gen. Stat. § 1-354 provides for "Proceedings supplemental to execution" upon the "return of an execution unsatisfied" against joint debtors.

proceedings are available only after execution is attempted." *Massey v. Cates*, 2 N.C. App. 162, 164, 162 S.E.2d 589, 591 (1968). In fact, our Supreme Court, applying a prior version of the statutes, expressly answered the question: "Can supplemental proceedings be instituted against a defendant when there has been no execution issued within three years from the institution of such supplementary proceedings?" *Int'l Harvester Co. of Am. v. Brockwell*, 202 N.C. 805, 806 164 S.E. 322, 322 (1932). The Court recognized: "A reading of the statutes discloses that a supplemental proceeding is based upon an execution." *Id*. As such, based on this reading of the statute the Court held: "if the defendant himself is supplemented, the proceedings must be instituted 'within three years of the issuing of execution.'" *Id*., 164 S.E. at 323. It is apparent from both the plain language of the supplemental proceeding statutes and our prior case law that a statutory precondition to instituting supplemental proceedings against a defendant is the issuance of a writ of execution and, under Section 1-352, the return of that writ unsatisfied in whole or in part.

¶ 16        In this case, there is nothing in the Record before us which establishes Plaintiff sought issuance of a writ of execution or that any such writ was returned unsatisfied in whole or part. Thus, supplemental proceedings under Article 31 of Chapter 1 of the General Statutes were not available to Plaintiff. Therefore, the trial court lacked statutory authority over these supplemental proceedings and, as such, lacked subject-matter jurisdiction to grant any relief under Article 31 of Chapter 1 of the General

Statutes. *See Burgess*, 205 N.C. App. at 327-28, 698 S.E.2d at 668; *see also In re Transportation of Juveniles*, 102 N.C. App. 806, 808, 403 S.E.2d 557, 558 (1991) ("[B]efore a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question."). Consequently, the trial court erred in entering its 5 March 2020 Order compelling Defendant to respond to discovery issued pursuant to Sections 1-351.1 and 1-351.2 and imposing sanctions under N.C. R. Civ. P. 11 on Defendant for opposing discovery in supplemental proceedings. As such, we further conclude it is appropriate to issue our Writ of Certiorari under N.C.R. App. P. 21 for purposes of vacating the trial court's 5 March 2020 Order.

## Conclusion

Accordingly, for the foregoing reasons, we vacate the trial court's 5 March 2020 Order granting Plaintiff's Motion to Compel. We do so, however, without prejudice to any right of Plaintiff to institute supplemental proceedings consistent with Article 31 of Chapter 1 of the North Carolina General Statutes.


VACATED.

Judges ZACHARY and JACKSON concur.