IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-526

 No. COA20-921

 Filed 5 October 2021

 Wake County, No. 18 CVS 13036

 MILONE & MACBROOM, INC., Plaintiff,

 v.

 KYLE V. CORKUM, ET AL., Defendants.

 Appeal by Defendant from Order entered 5 March 2020 by Judge Michael J.

 Denning in Wake County District Court. Heard in the Court of Appeals 11 August

 2021.

 Smith, Debnam, Narron, Drake, Saintsing & Myers, LLP, by Byron L.
 Saintsing and Thomas A. Gray, for plaintiff-appellee.

 Akins, Hunt, Atkins, P.C., by Donald G. Hunt, Jr., and Kristen Atkins Lee, for
 defendants-appellants.

 HAMPSON, Judge.

 Factual and Procedural Background

¶1 Kyle Corkum (Defendant) appeals from the trial court’s Order granting Milone

 & MacBroom, Inc.’s (Plaintiff) Motion to Compel responses to Plaintiff’s post-

 judgment discovery requests in supplemental proceedings, denying Defendant’s

 Motion for a Protective Order, and indicating the trial court’s intent to award Plaintiff

 attorneys’ fees as a Rule 11 sanction against Defendant. By prior Order of this Court,
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

 this appeal was consolidated for the “purpose of hearing only” under N.C.R. App. P.

 40 with Plaintiff’s subsequent appeal in COA20-922 taken after the trial court

 entered a later order imposing monetary sanctions against Defendant pursuant to

 Rule 11 in the amount of $8,500.00. The Record before us tends to reflect the

 following:

¶2 On 30 October 2012, as memorialized in a Statement Authorizing Entry of

 Judgment (Statement), Plaintiff entered into an agreement with Defendant,

 individually, and with Defendant as the manager of a number of Limited Liability

 Companies (LLCs) for payment of monies owed by Defendant and the LLCs for

 “services, capital, and equipment” in the total amount of $2,500,000. The parties

 agreed that Defendant and the LLCs would authorize entry of judgment against them

 for the full $2,500,000, but Plaintiff would not record the judgment if Defendant and

 the LLCs made a series of quarterly payments beginning in December 2012 and

 concluding in March 2019 totaling $1,402,000. Defendant and the LLCs made

 payments under the agreement—paying $1,138,500 towards their obligation—before

 defaulting in September 2018.

¶3 As a result of this default by Defendant and the LLCs, on 23 October 2018,

 Plaintiff filed the Statement and a supporting affidavit with the Wake County Clerk

 of Superior Court and the clerk’s office entered a Confession of Judgment, pursuant

 to Rule 68.1 of the North Carolina Rules of Civil Procedure, against Defendant and
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

 the LLCs in Plaintiff’s favor in the full amount of $2,500,000 with interest. A few

 days later, on 30 October 2018, Plaintiff filed a Certificate of Credit on Judgment

 noting Defendant and the LLCs payments of $1,138,500 and crediting the payments

 towards the Judgment.

¶4 The Record before us does not reflect any writ of execution was issued or

 returned unsatisfied in whole or part, and it appears there was no further effort to

 execute on the judgment. Nevertheless, on 26 March 2019, Plaintiff served

 Interrogatories to Supplemental Proceedings and Request for Production of

 Documents, pursuant to N.C. Gen. Stat. §§ 1-352.1 and 1-352.2, on attorneys Plaintiff

 believed were Defendant’s counsel. Plaintiff filed a Motion to Compel in Wake County

 District Court on 7 May 2019 alleging Defendant had not responded to its

 interrogatories and request for production.1 Plaintiff withdrew its Motion to Compel

 on 26 July 2019. In addition, also on 26 July 2019, Plaintiff served a new set of

 interrogatories and requests for production on Defendant.

¶5 On 8 August 2019, Defendant filed a Motion to Dismiss for Lack of Jurisdiction,

 Insufficiency of Process and Improper Service of Process and Failure to Comply with

 N.C. Gen. Stat. §§ 1-352.1 and 1-352.2, in the Alternative, Motion for Protective

 1 This Motion to Compel was captioned as being filed “In the Court of Common Pleas

 District Court Division[.]”
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

 Order, Motion to Dismiss and for Protective Order captioned as filed in Wake County

 Superior Court. Plaintiff subsequently filed a second Motion to Compel in Wake

 County District Court on 27 November 2019.2

¶6 Both parties’ Motions came on for hearing in Wake County District Court on

 27 February 2020. Following the hearing, the trial court entered an Order granting

 Plaintiff’s Motion to Compel and denying Defendant’s Motion for a Protective Order

 on 5 March 2020.3 In addition, the trial court’s Order stated it was awarding Plaintiff

 attorneys’ fees under N.C. R. Civ. P. 11 as a sanction for Defendant seeking a

 protective order but did not set the amount of fees. Defendant filed written Notice of

 Appeal of the trial court’s Order on 10 March 2020.

 ISSUE

¶7 The dispositive issue in this appeal is whether the trial court had subject-

 matter jurisdiction to issue orders in supplemental proceedings in aid of execution

 where no writ of execution was issued or returned unsatisfied in whole or in part.

 ANALYSIS

¶8 As a threshold matter, although Plaintiff does not argue this Court lacks

 appellate jurisdiction to hear this case, Defendant acknowledges the trial court’s

 2 Again, captioned as being filed in the “Court of Common Pleas District Court
 Division[.]”
 3 This Order also is captioned as in “The Court of Common Pleas District Court

 Division.”
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

 Order granting Plaintiff’s Motion to Compel could be construed as an interlocutory

 discovery order not, generally, directly immediately appealable. Indeed, as a general

 proposition, “an order compelling discovery is not immediately appealable because it

 is interlocutory and does not affect a substantial right which would be lost if the

 ruling is not reviewed before final judgment.” Benfield v. Benfield, 89 N.C. App. 415,

 418, 366 S.E.2d 500, 502 (1988) (citations omitted). Similarly, as a general matter,

 an appeal from an award of attorneys’ fees may not be brought until the trial court

 has finally determined the amount to be awarded. Triad Women’s Ctr., P.A. v. Rogers,

 207 N.C. App. 353, 358, 699 S.E.2d 657, 660 (2010).

¶9 Here, on the Record before us, compliance with the trial court’s 5 March 2020

 Order granting Plaintiff’s Motion to Compel has not been enforced by sanctions.

 Moreover, the trial court’s 5 March 2020 Order imposing Rule 11 sanctions on

 Plaintiff for opposing the Motion to Compel is not an appealable Order because it does

 not award an amount of attorneys’ fees. In re Cranor, 247 N.C. App. 565, 569, 786

 S.E.2d 379, 382 (2016) (“Where an order imposes judicial discipline, an appeal from

 such order is interlocutory if the order involves the imposition of attorneys’ fees and

 if the amount of the fee award was not set in the order.”). Thus, Defendant’s appeal

 is interlocutory and, we conclude—in the absence of any argument before this Court

 of an established privilege being asserted by Defendant, any sanction imposed for

 failure to comply with the Order compelling discovery, or a specific amount of
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

 attorneys’ fees awarded under Rule 11—the trial court’s 5 March 2020 Order does not

 affect a substantial right. Therefore, Defendant is not entitled to an immediate

 appeal from the 5 March 2020 Order.

¶ 10 Nevertheless, and in the alternative, Defendant also requests this Court to

 treat his appeal as a Petition for Writ of Certiorari and allow review on the merits.

 While the better practice would have been for Defendant to file a separate Petition

 for Writ of Certiorari compliant with N.C.R. App. P. 21, we exercise our discretion to

 invoke N.C.R. App. P. 2 to vary the Rules of Appellate Procedure and allow

 Defendant’s request to consider this appeal as a Petition for Writ of Certiorari

 notwithstanding the failure to comply with the requirements of N.C.R. App. P. 21.

 We do so because this case raises serious questions of how and when a trial court may

 exercise jurisdiction in supplemental proceedings that may otherwise escape review

 leading to manifest injustice to a party subjected to supplemental proceedings

 improperly instituted contrary to the express statutory requirements. Having

 invoked N.C.R. App. P. 2, our decision, then, on whether to issue the Writ of Certiorari

 necessarily turns on the merits of the appeal. State v. Grundler, 251 N.C. 177, 189,

 111 S.E.2d 1, 9 (1959) (“A petition for the writ must show merit or that error was

 probably committed below. Certiorari is a discretionary writ, to be issued only for

 good and sufficient cause shown.” (citations omitted)).
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

¶ 11 Defendant argues the trial court lacked subject-matter jurisdiction over the

 supplemental proceedings. “Subject matter jurisdiction, a threshold requirement for

 a court to hear and adjudicate a controversy brought before it, is conferred upon the

 courts by either the North Carolina Constitution or by statute.” Burgess v. Burgess,

 205 N.C. App. 325, 327-28, 698 S.E.2d 666, 668 (2010) (citation and quotation marks

 omitted). We review challenges to subject-matter jurisdiction de novo. McKoy v.

 McKoy, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

¶ 12 “ ‘Subject matter jurisdiction cannot be conferred by consent or waiver, and the

 issue of subject matter jurisdiction may be raised for the first time on appeal.’ ”

 Burgess, 205 N.C. App. at 328, 698 S.E.2d at 668-69 (quoting In re H.L.A.D., 184 N.C.

 App. 381, 385, 646 S.E.2d 425, 429 (2007), aff’d, 362 N.C. 170, 655 S.E.2d 712 (2008)).

 “Although defendant made no arguments concerning subject matter jurisdiction

 before the trial court, a party may raise the issue at any stage of a proceeding.”

 Composite Tech., Inc. v. Advanced Composite Structures (USA), Inc., 150 N.C. App.

 386, 389, 563 S.E.2d 84, 85 (2002) (citation omitted). “This Court may also raise the

 issue even if neither party has addressed the matter.” Id. Indeed, here, we discern

 a fundamental jurisdictional defect in the institution of the supplemental proceedings

 in this case which neither party has identified either below or in this Court: no writ

 of execution was issued to enforce the Judgment or returned unsatisfied in whole or

 in part prior to Plaintiff undertaking supplemental proceedings.
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

¶ 13 In an early opinion discussing statutory supplemental proceedings, our

 Supreme Court recognized statutory supplemental proceedings served to replace the

 prior Creditor’s Bill in equity. Rand v. Rand, 78 N.C. 12, 14-15 (1878) (“We think it

 clear that proceedings supplementary to execution under the Code of Procedure are

 a substitute for the former creditor’s bill, and are governed by the principle

 established under the former practice in administering this species of relief in behalf

 of judgment creditors.”). The Court recognized: “The object of the proceeding is to

 compel the application of property concealed by the debtor, or which from its nature

 cannot be levied upon under execution, to the payment of the creditor’s judgment.”

 Id. at 15. It followed then: “The only purpose of the creditor’s bill was to enforce

 satisfaction of a judgment out of the property of the judgment debtor when an

 execution could not reach it, and the only purpose of supplemental proceedings is to

 attain the same end by the same means.” Id.

¶ 14 Article 31 of Chapter 1 of the North Carolina General Statutes contains the

 current statutes governing supplemental proceedings. The first statute in this

 article, N.C. Gen. Stat. § 1-352, is titled: “Execution unsatisfied; debtor ordered to

 answer.” The text of that statute provides:

 When an execution against property of a judgment debtor,
 or any one of several debtors in the same judgment, issued to the
 sheriff of the county where he resides or has a place of business,
 or if he does not reside in the State, to the sheriff of the county
 where a judgment roll or a transcript of a judgment is filed, is
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

 returned wholly or partially unsatisfied, the judgment creditor at
 any time after the return, and within three years from the time of
 issuing the execution, is entitled to an order from the court to
 which the execution is returned or from the judge thereof,
 requiring such debtor to appear and answer concerning his
 property before such court or judge, at a time and place specified
 in the order, within the county to which the execution was issued.

 N.C. Gen. Stat. § 1-352 (2019) (emphases added). Likewise, N.C. Gen. Stat. § 1-352.1

 provides a judgment creditor may serve interrogatories on a judgment debtor

 concerning the debtor’s property “at any time the judgment remains unsatisfied, and

 within three years from the time of issuing an execution.” N.C. Gen. Stat. § 1-352.1

 (2019) (emphasis added). Further, N.C. Gen. Stat. § 1-352.2 provides for additional

 methods of discovering assets that may be employed “at any time the judgment

 remains unsatisfied, and within three years from the time of issuing an execution[.]”

 N.C. Gen. Stat. § 1-352.2 (2019) (emphasis added).4

¶ 15 Thus, as our Court explained: “Article 31 provides for supplemental

 proceedings, equitable in nature, after execution against a judgment debtor is

 returned unsatisfied to aid creditors to reach property . . . subject to the payment of

 debts which cannot be reached by the ordinary process of execution. These

 4 By way of further examples: N.C. Gen. Stat. § 1-353 allows for a judgment creditor

 “[a]fter issuing an execution against property” to seek an order requiring the judgment debtor
 to appear if the debtor is deemed to be “unjustly refus[ing]” to apply property towards the
 judgment; N.C. Gen. Stat. § 1-354 provides for “Proceedings supplemental to execution” upon
 the “return of an execution unsatisfied” against joint debtors.
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

 proceedings are available only after execution is attempted.” Massey v. Cates, 2 N.C.

 App. 162, 164, 162 S.E.2d 589, 591 (1968). In fact, our Supreme Court, applying a

 prior version of the statutes, expressly answered the question: “Can supplemental

 proceedings be instituted against a defendant when there has been no execution

 issued within three years from the institution of such supplementary proceedings?”

 Int’l Harvester Co. of Am. v. Brockwell, 202 N.C. 805, 806 164 S.E. 322, 322 (1932).

 The Court recognized: “A reading of the statutes discloses that a supplemental

 proceeding is based upon an execution.” Id. As such, based on this reading of the

 statute the Court held: “if the defendant himself is supplemented, the proceedings

 must be instituted ‘within three years of the issuing of execution.’ ” Id., 164 S.E. at

 323. It is apparent from both the plain language of the supplemental proceeding

 statutes and our prior case law that a statutory precondition to instituting

 supplemental proceedings against a defendant is the issuance of a writ of execution

 and, under Section 1-352, the return of that writ unsatisfied in whole or in part.

¶ 16 In this case, there is nothing in the Record before us which establishes Plaintiff

 sought issuance of a writ of execution or that any such writ was returned unsatisfied

 in whole or part. Thus, supplemental proceedings under Article 31 of Chapter 1 of

 the General Statutes were not available to Plaintiff. Therefore, the trial court lacked

 statutory authority over these supplemental proceedings and, as such, lacked subject-

 matter jurisdiction to grant any relief under Article 31 of Chapter 1 of the General
 MILONE & MACBROOM, INC. V. CORKUM

 2021-NCCOA-526

 Opinion of the Court

 Statutes. See Burgess, 205 N.C. App. at 327-28, 698 S.E.2d at 668; see also In re

 Transportation of Juveniles, 102 N.C. App. 806, 808, 403 S.E.2d 557, 558 (1991)

 (“[B]efore a court may act there must be some appropriate application invoking the

 judicial power of the court with respect to the matter in question.”). Consequently,

 the trial court erred in entering its 5 March 2020 Order compelling Defendant to

 respond to discovery issued pursuant to Sections 1-351.1 and 1-351.2 and imposing

 sanctions under N.C. R. Civ. P. 11 on Defendant for opposing discovery in

 supplemental proceedings. As such, we further conclude it is appropriate to issue our

 Writ of Certiorari under N.C.R. App. P. 21 for purposes of vacating the trial court’s 5

 March 2020 Order.

 Conclusion

¶ 17 Accordingly, for the foregoing reasons, we vacate the trial court’s 5 March 2020

 Order granting Plaintiff’s Motion to Compel. We do so, however, without prejudice

 to any right of Plaintiff to institute supplemental proceedings consistent with Article

 31 of Chapter 1 of the North Carolina General Statutes.

 VACATED.

 Judges ZACHARY and JACKSON concur.